UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATE HOFFOWER, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>SEAMLESS CONTACTS INC., a Delaware Corporation,<br><br>     Defendant. | Case No. 1:22-cv-2079<br><br>JURY TRIAL DEMANDED |

CLASS ACTION COMPLAINT FOR
VIOLATIONS OF 765 ILCS 1075/1 *et seq.* AND UNJUST ENRICHMENT

  Plaintiff KATE HOFFOWER, by and through her attorneys, makes the following allegations on information and belief, except as to factual allegations pertaining to Plaintiff, which are based on personal knowledge.

INTRODUCTION

  1. Plaintiff Kate Hoffower ("Plaintiff") and members of the proposed class (the "Class" or "Class Members") seek damages, an injunction, and additional relief from Defendant Seamless Contacts Inc. ("Defendant" or "Seamless"), which owns and operates the website www.seamless.ai.

  2. Plaintiff and Class Members are private individuals who have no relationship with Defendant, nor with Defendant's website. Plaintiff and Class Members have never used www.seamless.ai, nor did they provide their names, contact information, job titles, places of work, cities of residence, or any other personal information to Seamless.

  3. Plaintiff was seriously distressed to discover that Seamless is using her name, personal information, and identity to advertise paid subscriptions to seamless.ai.

1

4. Plaintiff and Class Members did not consent to Seamless using their names, contact information, job titles, places of work, cities of residence, and other personal information to promote Seamless subscriptions. Nor did they consent to Seamless selling access to their personal information as part of its subscription products.

5. Seamless advertises subscriptions by publicly displaying profiles of Plaintiff and Class Members showing their names, contact information, job titles, places of work, cities of residence, and other personal information. Many profiles include photographs.

6. Seamless advertises its subscription services primarily to salespeople and marketers. Seamless represents that its searchable database of Class Member profiles allows salespeople and marketers to "[c]onnect directly with your ideal customers." Subscribers can use Seamless to "[f]ind all your prospect's contact information – including emails, direct dials, and more." Seamless represents itself as an "unlimited lead-generating machine!"

7. Seamless advertises that its service allows users to "Know Everything About Your Prospects."

8. Seamless offers free trials to potential subscribers. Trial users may search for, view, and download a limited number of profiles. Each viewing of a Class Members' profile expends one "Credit." In response to searches for Plaintiff's and Class Members' names, Seamless displayed (1) the search results showing Plaintiff's and Class Members' personal information; (2) a counter displaying how many "Available Credits" remained in the free trial allowance; and (3) an "Upgrade" button prompting the trial user to purchase a paid subscription to obtain more "Credits."

9. After trial users expend their allowance of "Credits" on Class Member profiles, trial users who attempt to view or download additional Plaintiff or Class Member profiles receive messages prompting them to purchase a paid subscription.

10. Seamless uses Plaintiff's and Class Members' profiles and identities to advertise three paid subscription plans. A "Basic" plan costs $147 per user, per month, and allows the subscriber to search, view, and download 250 Class Member profiles per month. A "Pro" plan costs $99 per day, per user, and allows the subscriber to search, view, and download 1,000 Class Member profiles per day. An "Enterprise" plan is a custom arrangement negotiated between the subscriber and Seamless.

11. Seamless advertises that paying subscribers receive a variety of services, including: "Real-Time Alerts" that will notify the subscriber when Class Members "change or leave their jobs"; the ability to "Find Millions of B2B Contacts" with "Real-Time Researched Contact Information"; streamlined integration with a variety of customer relationship management (CRM) tools; and "Data Enrichment" tools through which Seamless will provide additional personal information about the subscriber's existing list of sales prospects.

12. Seamless is the sole author, designer, and implementor of the advertising techniques and profiles giving rise to this lawsuit. Seamless does not host user-generated content on or in any part of the website relevant to this lawsuit. Seamless is the sole curator, designer, and creator of the content described in this Complaint, including: the profiles representing Plaintiff and Class Members; the "trial user" program through which potential subscribers receive a limited allowance of "Credits" to search for Plaintiff and Class Member profiles; the on-site buttons and messages soliciting paid subscriptions; and the services that allow paying subscribers to track Plaintiff's and Class Members' job changes.

13. Plaintiff does not know how Seamless obtained her name, contact information, job title, place of work, and city of residence.

14. Seamless misappropriated Plaintiff's and Class Members' names, personal information, and identities without permission or consent from Plaintiff or the Class.

15. Plaintiff's and Class Members' names, personal information, contact information, photographs, likenesses, and identities have commercial value. This commercial value is demonstrated by the exploitation of Plaintiff's and Class Members' names, personal information, contact information, and photographs for commercial gain by Seamless and Seamless's competitors.

16. Consent is not all or nothing. Plaintiff and Class Members may have shared their names, personal information, contact information, and job histories with companies or the government in a variety of contexts. For example, Plaintiff or Class Members may have consented to the posting of their names, work histories, and photographs on the website of a company for which they work, or on a professional networking site.

17. But Plaintiff and Class Members did not consent to the commercial use of their personal information and identities to promote subscriptions to a website with which they have no relationship, and which they have no interest in promoting.

18. Illinois law recognizes the intellectual property and privacy rights of Illinois residents in controlling the use of their names, photographs, likenesses, and identities for commercial purposes.

19. By using Plaintiff's and Class Members' names, likenesses, photographs, and identities in advertisements for website subscriptions without consent, Seamless has violated their intellectual property and privacy rights. Plaintiff and Class Members have the right not to

have their identities exploited to promote a product with which they have no relationship and which they have no interest in supporting.

20. Plaintiff and Class Members have an economic interest in their identities, which Seamless has stolen, and a privacy interest in their identities, which Seamless has violated.

21. By these actions, Seamless has violated the Illinois Right of Publicity Act, codified in 765 ILCS 1075/1 *et seq.*, and Illinois common law prohibiting unjust retaining of a benefit to a plaintiff's detriment.

22. Plaintiff and the Class have suffered injury through the unlawful taking of their valuable intellectual property; through the invasion of their privacy rights protected by statute and common law; through Seamless's unlawful profiting from its exploitation of their names, personal, and personal information; and through harm to peace of mind.

23. Plaintiff and Class Members are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their names and identities, restitution of the value of their names and identities, an injunction prohibiting Seamless's unlawful conduct, the award of attorneys' fees, expenses, and costs, and declaratory relief.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative Class are citizens of a state different from at least one defendant. Defendant Seamless Contact Inc. is incorporated in Delaware and has its principal place of business in Worthington, Ohio. Plaintiff and Class Members are residents of Illinois. (B) The proposed Class consists of at least 100 members. Seamless advertises that its database includes profiles on millions of individuals, including employees of "over 157M companies." The Class likely comprises millions of Illinois residents.

And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. 765 ILCS 1075/1 et seq. provides for damages equal to the greater of $1,000 per violation or the actual damages suffered by the Class Member, plus exemplary and/or punitive damages in the case of knowing use without consent. Because Seamless uses the names and personal information of millions of Class Members to advertise its website, the amount in controversy is well over the jurisdictional amount.

25. This Court has personal jurisdiction over Seamless because a significant portion of the events giving rise to this lawsuit occurred in this state, including: Seamless's copying of Plaintiff's and Class Members' personal information from online sources; Seamless's display of Plaintiff's and Class Members' profiles in advertisements available to the public online, including in Illinois; Seamless's failure to obtain required consent from Class Members who reside in Illinois; Seamless's violation of the intellectual property rights of Class Members who reside in Illinois; and the harms alleged in this lawsuit were felt in Illinois by Plaintiff and Class Members.

26. Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district. A substantial portion of the Class Members reside in this state and district. Named Plaintiff Kate Hoffower resides in this district.

**PARTIES**

27. Plaintiff Kate Hoffower is a resident of Forest Park, Illinois.

28. Ms. Hoffower has never used or subscribed to the website www.seamless.ai.

29. Defendant Seamless Contacts Inc. is a Delaware corporation with its headquarters in Worthington, Ohio. Defendant owns and operates the website www.seamless.ai.

## FACTUAL ALLEGATIONS

30. Plaintiff Kate Hoffower has no relationship with Seamless. She is not a subscriber of, and has never used, www.seamless.ai.

31. Ms. Hoffower did not give consent to Seamless to use her name, likeness, personal information, or identity in any way. Had Seamless requested her consent, Ms. Hoffower would not have provided it.

32. Seamless uses Ms. Hoffower's name and identity in advertisements promoting paid subscriptions.

33. Seamless publicly displays a profile of personal information about Ms. Hoffower on the Internet. The profile accurately states her name, city of residence, email address, place of work, and job title. The profile uniquely identifies Ms. Hoffower.

34. Seamless displays Ms. Hoffower's profile in several forms on its website. Below is a screenshot depicting one form of Ms. Hoffower's profile. For privacy, Plaintiff's counsel has redacted Ms. Hoffower's employer and email address. In the profile that appears on the Seamless website, this information is plainly visible.



35. Seamless provides a publicly accessible "Search" page on which users may search, and have searched, for Ms. Hoffower by name. Anyone who creates a free trial account on Seamless may access the "Search" page and search for Ms. Hoffower without paying for a subscription. Below is the result of a search for "Kate Hoffower" performed on the "Search" page using a free trial account. Both search results uniquely identify Plaintiff Kate Hoffower. For privacy, Plaintiff's counsel redacted Plaintiff's place of work and contact information.



36. As shown in the screenshot above, in response to a search for Ms. Hoffower's name, Seamless displayed (1) search results showing Ms. Hoffower's personal information; (2) a counter displaying how many "Available Credits" remained in the free trial allowance (here, there are 235 credits remaining); and (3) "Upgrade" and "Upgrade Plan" buttons prompting the trial user to purchase a paid subscription to obtain more "Credits."

37. Users who expended their allowance of "Credits" and attempted to continue searching and viewing Ms. Hoffower's and Class Members' profiles, or who clicked the "Upgrade" or "Upgrade Plan" buttons displayed adjacent to the search results, received a screen prompting them to purchase a paid subscription. The screen prompting subscription is shown below.



38. As shown above, Seamless used Ms. Hoffower's name and identity to advertise three types of subscription plans. A "Basic" plan costs $147 per user, per month, and allows the subscriber to search, view, and download 250 Class Member profiles per month. A "Pro" plan costs $99 per day, per user, and allows the subscriber to search, view, and download 1,000 Class Member profiles per day. An "Enterprise" plan is a custom arrangement negotiated between the subscriber and Seamless.

39. Seamless advertised that users who purchased a paid subscription would receive a variety of services, including:

   a. The ability to search, view, and download profiles about Ms. Hoffower and millions of Class Members and other individuals;

   b. The ability to set up "Real-Time Alerts" that will notify the subscriber when Ms. Hoffower "change[s] or leave[s] [her] job";

   c. Streamlined integration with a variety of customer relationship management (CRM) tools;

   d. "Company Intel," which provides a searchable database on more than 100 million companies, including the ability to search and view contact information for individual employees of each company; and

   e. "Data Enrichment" tools through which Seamless will provide additional personal information about the subscriber's existing list of sales prospects

40. Seamless's purpose in using Ms. Hoffower's name, personal information, and identity on its website is to solicit the purchase of paid subscriptions.

41. Plaintiff does not know how Seamless obtained her name and personal information. On information and belief, Seamless extracted Ms. Hoffower's name and personal

information from online sources including her social media accounts and her employer's website.

42. Seamless did not obtain permission from Ms. Hoffower or her employer prior to extracting her personal information and using Ms. Hoffower's identity to advertise paid subscriptions. On information and belief, Seamless did not obtain permission from any of the sources from which it extracted Ms. Hoffower's personal information.

43. Ms. Hoffower has intellectual property and privacy interests in her name, likeness, and identity recognized by Illinois statutory and common law. She has the right to exclude anyone from making commercial use of her identity without her permission.

44. Seamless has injured Ms. Hoffower by taking her intellectual property without compensation; by invading her privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of her personal information.

45. Seamless's illegal actions caused Ms. Hoffower mental injury and disturbed his peace of mind. Ms. Hoffower is deeply uncomfortable in the knowledge that Seamless is using her name and identity to advertise and as part of a commercial product she has no interest in supporting. Ms. Hoffower believes her identity is rightly hers to control. Seamless's illegal use has left her worried and uncertain about her inability to control how her name and identity is used. Ms. Hoffower feels that Seamless's use of her name, persona, personal information, and browsing history is an alarming invasion of her privacy. Ms. Hoffower believes that Seamless's collection and publication of personal details about her encourages and enables identity fraud. She believes Seamless's use of her personal information encourages and enables harassing marketing and sales communications.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) and seeks to represent the following Class defined as:

> All current and former Illinois residents who are not subscribers of Seamless and whose names and personal information Seamless incorporated in profiles used to promote paid subscriptions.

47. Excluded from the proposed Class are Plaintiff's counsel; Seamless, its officers and directors, counsel, successors, and assigns; any entity in which Seamless has a controlling interest; and the judge to whom this case is assigned and the judge's immediate family.

48. The members of the proposed Class are so numerous that joinder of individual claims is impracticable. Seamless advertises that it has profiles on individuals who are employees of over one hundred million companies. The Class likely comprises millions of members.

49. There are significant questions of fact and law common to the members of the Class. These include:

   a. Whether Seamless's misappropriation of names and personal information, and use of that information in the advertising techniques described in this Complaint, constitutes the use of individuals' identities for commercial purpose without previous written consent within the meaning of 765 ILCS 1075/1 *et seq.*;

   b. Whether Seamless solicited and obtained written consent from Plaintiff and the Class prior to using their identities in advertisements promoting its website, as required by 765 ILCS 1075/30;

   c. Whether Seamless's use of Plaintiff's and Class Members' identities, names, and personal information in advertisements and as part of their subscription products

13

        constitutes a use for non-commercial purposes such as news or public affairs within the meaning of 765 ILCS 1075/35;

    d.  The amount of Seamless's "profits from the unauthorized use" of Plaintiff's and Class Members' names and personal information;

    e.  Whether Seamless's commercial use of the names and likenesses of Plaintiff and the Class was willful such that Plaintiff and the Class are entitled to punitive damages;

    f.  Whether Seamless was unjustly enriched as a result of the unlawful conduct described in this Complaint; and

    g.  Whether Plaintiff and Class Members are entitled to the declaratory, injunctive, monetary and other relief requested in this Complaint.

50.    Plaintiff's claims are typical of those of the proposed Class. Plaintiff and all members of the proposed Class have been harmed by Seamless's misappropriation and misuse of their identifies, names, likenesses, identities, and other personal information in advertisements promoting Seamless subscriptions. Seamless presents its advertisements in the same way for each Class Member.

51.    Just as it did with Ms. Hoffower, Seamless appropriated the personal information and identities of all Class Members without their permission or permission from the various sources from which it appropriated their information. Seamless's sole purpose in appropriating Class Members' information and identities was to solicit the purchase of paid subscriptions and turn a profit. Seamless has injured the Class Members by using their identities without having obtained their previous written consent and by unlawfully profiting from its exploitation of their personal information.

52. The proposed class representative will fairly and adequately represent the proposed Class. The Class representative's claims are co-extensive with those of the rest of the Class. Plaintiff is represented by qualified counsel experienced in class action litigation of this nature.

53. A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed Class is impracticable. Many members of the Class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning Seamless's common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

54. The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Seamless has acted on grounds generally applicable to the proposed Class, such that final injunctive and declaratory relief is appropriate with respect to the Class as a whole.

55. The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to Class Members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

**FIRST CAUSE OF ACTION**
Violation of Illinois' Right of Publicity Act ("IRPA")
765 ILCS 1075/1 *et seq*.

56. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

57. Illinois' Right of Publicity Act, 765 ILCS 1075/1 et seq. ("IRPA"), defines the "right of publicity" as the "right to control and to choose whether and how to use an individual's identity for commercial purposes." 765 ILCS 1075/10.

58. IRPA prohibits and provides damages for using an individual's identity for commercial purposes without having obtained previous written consent. 765 ILCS 1075/30.

59. By engaging in the foregoing acts and omissions, Seamless used Plaintiff's and Class Members' identities for commercial purposes without having obtained previous written consent.

60. Each use of a Class Members' identity is a separate and distinct violation of IRPA giving rise to damages.

61. IRPA provides that a person who violates the statute is liable for the greater of: (a) statutory damages in the amount of $1,000 per violation; or (b) the sum of "actual damages" and "profits derived from the unauthorized use." 765 ILCS 1075/40. The statute also provides for punitive damages where, as here, the violation is willful. *Id*.

62. IRPA also provides for the award of "reasonable attorney's fees, costs, and expenses." 765 ILCS 1075/55.

63. As a result of Seamless's violations of IRPA, Plaintiff and the Class have suffered injury to their privacy rights and actual damages both economic and emotional. Plaintiff and Class Members have been denied the commercial value of their identities, which Seamless

16

misappropriated without compensation to Plaintiff and the Class. Plaintiff and Class Members were denied their statutorily protected right to control how their identities are used and refused consent to a use for commercial purposes. Plaintiff and Class Members suffered emotional disturbance from the misappropriation and misuse of their identities.

64. Plaintiff, on behalf of the Class, seeks: statutory damages; in the alternative, actual damages, including Seamless's profits from its misuse and compensatory damages for the royalties Seamless failed to pay and the emotional disturbance it caused; punitive damages in light of Seamless's willing misuse; nominal damages; the award of attorneys' fees and costs; the entry of an injunction prohibiting Seamless's illegal conduct; and declaratory relief.

## SECOND CAUSE OF ACTION
### Unjust Enrichment

65. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

66. Plaintiff and the Class have conferred an unwarranted benefit on Seamless. Seamless uses personal information that rightfully belongs to Plaintiff and the Class to sell its products and services. Seamless uses the personal information it misappropriated without consent. Each subscription sold using names and identities that rightfully belong to Class Members, and all advertising revenue collected from the delivery of ads on pages displaying names and identities that rightfully belong to Class Members; represents an unwarranted benefit conferred upon Seamless by Plaintiff and the Class.

67. Under principles of equity and good conscience, Seamless should not be permitted to retain the benefits it gained through its actions.

68. Plaintiff and Class Members have suffered loss as a direct result of Seamless's conduct.

69. Plaintiff, on behalf of the Class, seeks an injunction prohibiting Seamless's inequitable conduct; the imposition of a constructive trust and restitution of proceeds Seamless received as a result of the conduct described in this Complaint; and an award of attorneys' fees, costs, and expenses.

## PRAYER FOR RELIEF

70. WHEREFORE Plaintiff, on behalf of herself and all others similarly situated, hereby demands judgment against Defendant Seamless as follows:

    a. For an order certifying the proposed Class and appointing Plaintiff and her counsel to represent the Class;

    b. For a declaration that Seamless's acts and omissions constitute a willful misappropriation of names, likeness, photographs, images, and other personal information, and infringe on protected privacy rights, in violation of Illinois law;

    c. For nominal damages awarded in recognition of Seamless's violation of the statutorily protected property and privacy rights of Plaintiff and the Class;

    d. For preliminary and permanent injunctive relief enjoining and preventing Seamless from continuing to operate its www.seamless.ai website and expand its databases without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

    e. For an order enjoining Seamless from continuing the unlawful and unfair conduct described in this Complaint;

    f. For restitution for Plaintiff and Class Members of the value that Defendants derived from misappropriating and using their identities;

g. For an award of damages, including without limitation damages for actual harm, profits earned by Seamless from the sale of subscriptions to its website, and statutory damages;

h. For an award of reasonable attorneys' fees, costs, and expenses incurred by Plaintiffs and the Class; and

i. For an award of other relief in law and equity to which Plaintiff and the Class Members may be entitled.

## JURY TRIAL DEMAND

71. Plaintiff hereby demands a jury trial for all individual and Class claims so triable.

Dated: April 21, 2022

Respectfully Submitted,

*/s/ Raina C. Borrelli*
Samuel J. Strauss
Raina C. Borrelli
Brittany Resch
TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
raina@turkestrauss.com
sam@turkestrauss.com
brittanyr@turkestrauss.com

Benjamin R. Osborn
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen Street
Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

Michael F. Ram
Marie N. Appel
MORGAN & MORGAN
COMPLEX LITIGATION GROUP

19

711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
mram@forthepeople.com
mappel@forthepeople.com