UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATE HOFFOWER, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:22-cv-2079 ) |
| SEAMLESS CONTACTS, INC., | ) Honorable Matthew F. Kennelly ) |
| Defendant. | ) ) ) ) |

**AGREED MOTION TO SEAL CONFIDENTIAL INFORMATION IN DEFENDANT'S NOTIFICATION OF AFFILIATES**

**I.    INTRODUCTION**

Pursuant to Local Rules 5.8 and 26.2, Defendant Seamless Contacts, Inc. ("Seamless") respectfully submits this Agreed Motion to Seal Confidential Information contained in Seamless's Notification of Affiliates. In particular, Seamless seeks to seal, by redaction, certain portions of the Notification of Affiliates. The foregoing materials are not related to the merits of the underlying cause of action, and, as shown below, good cause exists for the sealing relief requested. Plaintiff, by counsel, has consented to the relief that Defendant seeks in this Motion.

**II.    ARGUMENT**

Although "documents that affect the disposition of federal litigation are presumptively open to public view[,]" "the presumption can be overridden by competing interests." *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419-20 (7th Cir. 2014) (citations and quotations omitted). A district court may properly grant a motion to seal if the party seeking to seal shows that "good cause" exists. *F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *1 (N.D. Ill. Apr. 5, 2012).

Good cause exists for Plaintiff's request to seal portions of the Notification of Affiliates because it contains data reflecting confidential, proprietary, and commercially sensitive information concerning the ownership of Defendant, as more fully described in the accompanying Declaration of Danielle Demming. This information, if disclosed, would reveal key information concerning Seamless's future business decisions and strategy and would place Seamless at a competitive disadvantage. Accordingly, this information should be sealed. *Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 1:19 CV 02648, 2021 WL 1536173, at *1 n.2 (N.D. Ill. Apr. 19, 2021) (granting motion to seal documents that contain "business or strategic plans [and] information of a competitive, financial or commercial significance.") (quotations omitted); *F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *4-11 (N.D. Ill. Apr. 5, 2012) (granting motion to seal where disclosure of documents would harm sealing party and give its competitors an unfair advantage).

Seamless is a privately owned company, a significant portion of which was purchased about sixteen months ago by another private company, specifically, a private equity firm, the name of which has been provisionally redacted in Seamless's publicly filed Notification of Affiliates. *See* Decl. of Danielle Demming ¶ 3. Neither Seamless nor its private equity investor have publicly disclosed the transaction since then, *id.* ¶ 4, and indeed, as outlined in the attached Declaration of Danielle Demming, Seamless has taken deliberate measures to maintain the confidentiality of its investor, including taking swift action to remove an online post from a former employee concerning the investment, *id.* ¶¶ 5–7. That private equity firm's notoriety in Seamless's industry, along with its other known partnerships and portfolio companies, means that the disclosure of its identity and interest in Seamless would give critical insights to Seamless's competitors concerning Seamless's future strategies and direction, including but not limited to Seamless's go-to-market

strategy, its fundraising efforts, and its strategy relating to potential future mergers and acquisitions. *Id.* ¶ 8. The Court should not require Seamless to publicly disclose its investor and thereby undo sixteen months of hard work keeping that information private and confidential.

WHEREFORE, Defendant Seamless Contacts, Inc., respectfully request that this Court enter an order granting this motion, providing that the redacted portion of Seamless's Notification of Affiliates, which was filed provisionally under seal, remain sealed; and providing such further relief as is just.

| | |
|---|---|
| Dated: June 27, 2022 | Respectfully submitted, |
| | SEAMLESS CONTACTS, INC. |
| | By: /s/ Steven L. Baron |
| | One of its attorneys |

Ann Marie Mortimer (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
(213) 532-2000
amortimer@HuntonAK.com

Brian A. Wright (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, Virginia 2321
(804) 788-8710
wrightb@HuntonAK.com

Steven L. Baron (ARDC #6200868)
Sharon R. Albrecht (ARDC #6288927)
BARON HARRIS HEALEY
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 741-1030
sbaron@bhhlawfirm.com
salbrecht@bhhlawfirm.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 27, 2022, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system.

                By: /s/ Steven L. Baron