**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KATE HOFFOWER, on behalf of herself and others similarly situated,** ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 22 C 2079 |
| **SEAMLESS CONTACTS, INC.,** ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

  Kate Hoffower has filed a complaint against Seamless Contacts Inc. on behalf of a putative class of similarly situated persons. Hoffower alleges that Seamless operates the website www.seamless.ai. Seamless advertises that in return for a paid subscription, a subscriber will receive access to profiles of individuals that include their names, contact information, job titles, places of work, cities of residence, and other personal information, including photographs in some instances. It represents that its database will allow subscribers, which include salespeople and marketers, to "connect directly with your ideal customers" and "find all your prospect's contact information—including emails, direct dials, and more."

  According to Hoffower, Seamless offers potential subscribers a free trial that allows them to search for, view, and download a limited number of profiles, until they have expended all their "credits." She says that in response to a search for her name, Seamless displayed search results showing her personal information, a counter

showing how many credits remained in the free trial, and an "upgrade" button that promoted the trial user to purchase a subscription to obtain more credits. Hoffower also alleges that once the trial user has expended its entire allowance of credits, the user, when trying to view or download additional profiles, receives messages prompting it to purchase a paid subscription. A paid subscription allows the user to, among other things, download of a particular number of profiles per month, depending on the subscription level purchased.

  Hoffower alleges she does not know how Seamless obtained her personal information. It's possible, she suggests, that this was obtained from other available sources to whose use of the information she consented. But Hoffower alleges that she did not consent to the commercial use of her identity or information to promote the sale of subscriptions to Seamless's website. She alleges that Seamless has violated her intellectual property and privacy rights.

  Hoffower filed this suit in federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). She asserts claims under the Illinois Right of Publicity Act, 765 ILCS 1075/30(a), and for unjust enrichment. Seamless has moved to dismiss under Fed. R. Civ. P. 12(b)(1) and (6) for lack of standing and failure to state a claim upon which relief may be granted.

  The Court denies Seamless's motion for the following reasons.

  1. Seamless's contention that Hoffower lacks standing has no merit. She is asserting the sort of harm that traditionally gives rise to a claim under the common law for violation of the right of publicity, specifically misappropriation of her name and likeness. Thus there is a common-law analogue for her asserted injury, and the harm is

the sort that traditionally has been considered to provide the basis for a lawsuit. Article III of the Constitution requires nothing more to allege an injury in fact. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021); *see also, e.g., Lukis v. Whitepages, Inc.*, No. 19 C 4871, 2021 WL 3022319, at *3-4 (N.D. Ill. July 16, 2021) (Feinerman, J.); *Bonilla v. Ancestry.com*, 574 F. Supp. 3d 582, 590-91 (N.D. Ill. 2021) (Kendall, J.).

2. A claim under the IRPA requires the use of the plaintiff's identity, for commercial purposes, without her consent. *See, e.g., Vrdolyak v. Avvo, Inc.*, 206 F. Supp. 3d 1384, 1386 (N.D. Ill. 2016). "Commercial purpose" means "the public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; (ii) for purposes of advertising or promoting products, merchandise, goods, or services; or (iii) for the purpose of fundraising." 765 ILCS 1075/5.

Hoffower has sufficiently alleged unconsented commercial use of her identity. Specifically, she alleges that her identity (like those of other class members) is used to advertise Seamless's subscription service. To the extent the product or service advertised has to be separate from the plaintiff's identity itself, that's satisfied here. Hoffower sufficiently alleges, for purposes of a Rule 12(b)(6) motion, that prospective subscribers were able to see her information—or that of others—before purchasing a subscription, and that her information was displayed as part of a come-on to get them to buy in. *See Huston v. Hearst Commc'ns, Inc.*, No. 22-1489, slip op. at 5-6 (7th Cir. Nov. 22, 2022). In this regard, the Court agrees with Judge Feinerman's analysis of similar allegations in *Lukis v. Whitepages Inc.*, 454 F. Supp. 3d 746, 760 (N.D. Ill. 2020).

3. Seamless contends that it is exempt from liability under the IRPA by virtue

3

of a provision of the statute stating that it does not apply to:

> use of an individual's identity in an attempt to portray, describe, or impersonate that individual in a live performance, a single and original work of fine art, play, book, article, musical work, film, radio, television, or other audio, visual, or audio-visual work, provided that the performance, work, play, book, article, or film does not constitute in and of itself a commercial advertisement for a product, merchandise, goods, or services . . . .

765 ILCS 1075/35(b)(1). First of all, it's not in the least bit apparent—at least not at this point—that Seamless's website qualifies as an "original" work. *See Lukis*, 2020 WL 6287369, at *5. Second, Hoffower's claim under the IRPA is directed at the use of her identity and profile in commercial advertisements, not in the product or service itself. *See Bonilla*, 574 F. Supp. 3d at 594.

    4.    Seamless also contends that it is exempt under a provision of the IRPA stating that it does not apply to "use of an individual's identity for non-commercial purposes, including any news, public affairs, or sports broadcast or account, or any political campaign." 765 ILCS 1075/35(b)(2). But what Hoffower alleges Seamless offers does not constitute a "non-commercial purpose," and given the allegations in the complaint it is rather strained to refer to her personal information as "news" or anything involving "public affairs."

    5.    Seamless asserts a defense based on the First Amendment to the U.S. Constitution, but the Court agrees with Judge Kocoras's ruling involving a similar scenario in *Siegel v. ZoomInfo Technologies, LLC*, No. 21 C 2032, 2021 WL 4306148 (N.D. Ill. Sept. 22, 2021), that this is an affirmative defense whose elements are *not* all established by the complaint. *Id.* at *4. Thus dismissal under Rule 12(b)(6) would be inappropriate. *See Huson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir.

2016); see also *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

      6.      Finally with regard to the IRPA claim, Seamless's argument for immunity under the federal Communications Decency Act lacks merit. A provision of the CDA states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). As Hoffower argues, immunity under the CDA applies to websites that are a passive conduit for information posted by others. *See Huon v. Denton*, 841 F.3d 733, 742 (7th Cir. 2016). That's not the situation here, at least not so far as it appears from Hoffower's complaint. *See, e.g., Lukis*, 454 F. Supp. 3d at 763; *Bonilla*, 574 F. Supp. 3d at 592.

      7.      Seamless's argument for dismissal of Hoffower's unjust enrichment claim is that the claim is premised on her supposedly meritless IRPA claim. Because the Court has overruled Seamless's arguments for dismissal of the IRPA claim, its parallel argument for dismissal of the unjust enrichment claim fails as well.

## Conclusion

    For the reasons stated above, the Court denies defendant's motion to dismiss [14]. Defendant is directed to answer the complaint by no later than December 20, 2022. The telephonic hearing set for November 23, 2022 is vacated and reset to January 31, 2023 at 9:10 a.m., using call-in number 888-684-8852, access code 746-1053. A joint status report concerning the status of discovery and any settlement discussions is to be filed on January 24, 2023.

Date: November 23, 2022

                                                     MATTHEW F. KENNELLY
                                                     United States District Judge