UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATE HOFFOWER, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>SEAMLESS CONTACTS, INC., a Delaware Corporation,<br><br>       Defendant. | Case No. 1:22-cv-02079<br><br>Hon. Matthew F. Kennelly |

**<u>Protective Order Regarding Plaintiff's Counsel's Use of Seamless.ai</u>**

The Parties hereby agree to abide by the following protocol for Plaintiff's counsel's access to the Seamless.ai platform.

(1) One designated counsel of record for Plaintiff may use Ben Osborn's credentials to access all aspects of the Seamless.ai platform and website that are available to all customers, except for download functionality as stated below. Plaintiff's counsel is not permitted to change the account credentials, change the account settings, or upgrade to a paid customer account. The name, email address, primary address, and primary, current IP address of the designated Plaintiff's counsel will be emailed to Seamless's counsel of record prior to Plaintiff's counsel first accessing Seamless.ai pursuant to this Stipulated Protective Order, so that Seamless can monitor compliance with Section 7 below;

(2) The credentials may be used only by the designated Plaintiff's counsel and no one else, including but not limited to any consulting, retained or potential experts in this matter;

1

(3) Plaintiff's counsel will use the login credentials for the sole purpose of capturing screenshots (including videos) of the website for this litigation only and for no other purpose or other litigation pending either now or in the future;

(4) Plaintiff's counsel will not copy (other than screenshots, including videos), upload, or download, or edit any content appearing on the Seamless.ai platform. Plaintiff's counsel's account will be given the same amount of monthly credits as a basic plan subscription customer, and if Plaintiff counsel exhausts all 250 monthly credits, Plaintiff counsel may request and receive, subject to reasonable limitations, additional credits in 50 credit increments, by contacting defense counsel Aneca Lasley via email;

(5) Plaintiff's counsel will not use the login credentials for any other action or proceeding;

(6) Plaintiff's counsel's access to the Seamless.ai platform will terminate upon the earlier of December 31, 2023 or upon the completion of class certification briefing;

(7) If Plaintiff's counsel violates this agreement, Seamless may immediately revoke access. Additionally, should Seamless discover such violations, at any time, it will be entitled to seek relief from the Court, including seeking all remedies and sanctions available under Fed. R. Civ. P. 37, and as provided in the Parties' existing Protective Order;

(8) Seamless' Terms of Use, Privacy Policy, and all other applicable policies will apply to Plaintiff's Counsel's use of the credentials and access to the Seamless.ai platform. Based on Plaintiff counsel's representation that the putative class does not and will not in the future include any Seamless customers, Seamless will not assert that Plaintiff's Counsel's use of the credentials subjects Ms. Hoffower's or the putative class members' claims to individual arbitration under the Terms of Use. If at any time the class definition or claims in this lawsuit includes Seamless

customers, this limited waiver of individual arbitration will be automatically revoked. Additionally, subject to the same representations and limitations set forth above, Seamless will not assert that Plaintiff Counsel's use of the of the credentials in this lawsuit subjects the claims of Plaintiff Doug Spindler or the putative class Plaintiff's counsel seeks to represent in *Doug Spindler v. Seamless Contacts Inc.*, Case No. 22-cv-787-KAW (N.D. Cal) to individual arbitration under the Terms of Use. The Parties agree and understand that under no circumstances is Seamless waiving the provisions of its Terms of Use, including the arbitration provisions, for any other customer, in any manner, and further agree that this arbitration waiver does not extend or apply to any other customer, claim, matter or litigation.

Dated: August 25, 2023

/s/ *Samuel J. Strauss (per e-mail authorization)*
Brittany Resch
Samuel J. Strauss
Raina C. Borrelli
TURKE STRAUSS LLP
613 Williamson Street, Suite 100
Madison, WI 53703
Telephone: (608) 237-1775
brittanyr@turkestrauss.com
sam@turkestrauss.com
raina@turkestrauss.com

Michael F. Ram
Marie N. Appel
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
mram@forthepeople.com
mappel@forthepeople.com

Benjamin R. Osborn, *Pro Hac Vice Forthcoming*
Email: ben@benosbornlaw.com

/s/ *Aneca E. Lasley*
Aneca E. Lasley (admitted *pro hac vice*)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215
Telephone: (614) 462-2700
Email: Aneca.Lasley@icemiller.com

Melissa Anne Siebert
Austin G. Dieter
COZEN O'CONNOR
123 N. Wacker Dr., 18th Floor
Chicago, IL 60606
Telephone: (312) 382-8910
Email: Msiebert@cozen.com
　　　　Adieter@cozen.com

*Attorneys for Defendant Seamless Contacts Inc.*

3

102 Bergen Street
Brooklyn, NY 11201
Telephone: (347) 645-0464

*Attorneys for Plaintiff and the Proposed Class*

SO ORDERED:

_____
MATTHEW F. KENNELLY
United States District Judge