**Filed Under Seal**

**— EXHIBIT 21 —**

DOCUMENT PRODUCED IN NATIVE FORMAT

CONFIDENTIAL                    SEAMLESS_NDILL_014595

**Filed Under Seal**

**— EXHIBIT 22 —**

DOCUMENT PRODUCED IN NATIVE FORMAT

SEAMLESS_NDILL_014632

**Filed Under Seal**

# — EXHIBIT 23 —

**Filed Under Seal**

**— EXHIBIT 24 —**

DOCUMENT PRODUCED IN NATIVE FORMAT

SEAMLESS_NDILL_014605

**Filed Under Seal**

**— EXHIBIT 25 —**

**Filed Under Seal**

**— EXHIBIT  26 —**

DOCUMENT PRODUCED IN NATIVE FORMAT

CONFIDENTIAL                    SEAMLESS_NDILL_014631

— **EXHIBIT  27** —

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATE HOFFOWER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:22-cv-2079 |
| SEAMLESS CONTACTS, INC., | ) ) ) | Honorable Matthew F. Kennelly |
| Defendant. | ) ) ) ) | |

**DEFENDANT SEAMLESS CONTACTS, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF KATE HOFFOWER'S FIRST SET OF INTERROGATORIES**

Defendant Seamless Contacts, Inc. ("Seamless" or "Defendant"), by and through its undersigned counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby serves these Second Supplemental Objections and Responses to Plaintiff Kate Hoffower's First Set of Interrogatories. Seamless provides these Second Supplemental Responses subject to its previously served objections, which are incorporated herein.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify and describe the process by which Seamless obtains Profile Information for Plaintiff and Class members, including any payments Seamless makes to third parties in exchange for Profile Information.

**RESPONSE TO INTERROGATORY NO. 1:**

Seamless objects to the definition of "Seamless" as identified in Objection No. 1 above. Seamless further objects to the definition of "Profile Information." Seamless is interpreting "Profile Information" to mean the information compiled about a contact from many pieces of data gathered over time from various sources, which Seamless generates in real time as it is requested by the user's search. And Seamless objects to the definition of "Class" as vague and ambiguous insofar as it is unclear as to the version of the platform at issue. Seamless further objects to the definition of "Class" as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it purports to refer to profiles contained on any version of Seamless's platform that preceded the version operative at the time of the filing of the Complaint. Seamless further objects to Interrogatory No. 1 because it requests sensitive, proprietary, and confidential information concerning Seamless's business practices, the disclosure of which would cause irreparable competitive harm to Seamless and violate the terms of its contracts. Seamless will provide such information only upon the entry of a suitable protective order permitting Seamless to designate its response as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as appropriate.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Pursuant to the Protective Order in this matter, Seamless designates this supplemental response as **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:**

Seamless states generally that it collects information about individuals using the following:



**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Seamless incorporates by reference its prior objections as if fully rewritten here. Subject to and without waiving these objections,

**INTERROGATORY NO. 2:**

Identify and describe the purpose for which Seamless provides searchable access to Plaintiff's and Class members' Profiles to non-paying users of seamless.ai, including but not limited to identifying the value of Plaintiff's and Class members' Profiles in attracting new users and converting non-paying users into paying users.

**RESPONSE TO INTERROGATORY NO. 2:**

Seamless objects to the definition of "Seamless" as identified in Objection No. 1 above. Seamless also objects to the definition of "Profiles." Seamless does not maintain a singular, distinct "profile" for specific individuals. Seamless is interpreting this word to mean the individual contact displayed about whom information is compiled from many pieces of data gathered over time from various sources, which Seamless generates in real time as it is requested by the user's search. Subject to and without waiving the foregoing objection, Seamless responds as follows: ████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Free, trial memberships to paid websites—including, by way of example, online newspapers, magazine, sports websites, video-streaming platforms—have been ubiquitous on the Internet for many years. This "freemium" model is commonplace, if not dominant, in the Internet/software industry. ████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

As discussed in the parties' meet-and-confer on September 21, Seamless continues to

object to Plaintiff's definition of "Profile" but is not withholding any information responsive to Interrogatory No. 2 in connection with that objection. Seamless continues to object to Plaintiff's definition of "Seamless" and will not be collecting or producing documents or information not in the custody or control of Seamless Contacts, Inc. or its officers, directors, subsidiaries, and employees. In other words, Seamless will not be collecting or producing documents or information in the custody or control of third parties.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

None.

## INTERROGATORY NO. 3:

Identify and describe the reason(s) that Seamless provides a limited number of "Credits" to non-paying users of seamless.ai.

## RESPONSE TO INTERROGATORY NO. 3:

Seamless objects to the definition of "Seamless" as identified in Objection No. 1 above. Subject to and without waiving the foregoing objection, Seamless responds as follows:

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[1] At times in these interrogatory responses, Seamless uses the word "profile" as it is commonly understood and how Plaintiff used it in his Interrogatories; however, ███████████████████████████████████████ ███████████████████████████████████████████████████████ █████████████████

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

None.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

None.

**INTERROGATORY NO. 4:**

Identify and describe the reason(s) that Seamless displays an "Upgrade" and/or "Upgrade Plan" button on the Search results page of seamless.ai.

**RESPONSE TO INTERROGATORY NO. 4:**

Seamless objects to the definition of "Seamless" as identified in Objection No. 1 above. Subject to and without waiving the foregoing objection, Seamless responds as follows: Seamless is a business entity and, like presumably all business entities, endeavors to earn revenue. One of the ways that Seamless earns revenue is through user subscriptions. Accordingly, like countless other companies employing a "freemium" model, Seamless invites trial users who have previewed its product and found the ability to view and search the Seamless directory to be useful to subscribe by upgrading.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

None.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

None.

**INTERROGATORY NO. 5:**

Identify and describe the reason(s) that Seamless requires non-paying users to purchase additional Credits after their free Credits have been used.

**RESPONSE TO INTERROGATORY NO. 5:**

Seamless objects to the definition of "Seamless" as identified in Objection No. 1 above. Subject to and without waiving the foregoing objection, Seamless responds as follows: █████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

None.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

None.

**INTERROGATORY NO. 6:**

Identify and describe the process by which Seamless obtains consent from individuals to use their names, likeness, and/or personal information in connection with seamless.ai.

**RESPONSE TO INTERROGATORY NO. 6:**

Seamless objects to the definition of "Seamless" as identified in Objection No. 1 above. Subject to and without waiving the foregoing objection, Seamless responds as follows: █████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████ *See, e.g.*, Seamless.AI Terms of Use; Seamless.AI Privacy Policy; Seamless.AI Chrome Policy; and Seamless.AI CCPA Policy, all of which are available at https://www.seamless.ai/policies (last visited August 22, 2022). Further, Seamless provides a means for individuals to request Seamless to "submit a personal information request" to "delete [their] personal information." *See* https://login.seamless.ai/personalDataRequest.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

None.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Seamless incorporates by reference its prior objections as if fully rewritten here. Subject to and without waiving these objections, Seamless refers Plaintiff to Bates-numbered documents SEAMLESS_NDILL_000106–000123; 002262–002275; 002276–002290; 013976–14005; 014268–014279; 014342–014439 previously produced in this action.

**INTERROGATORY NO. 7:**

Identify Your revenue in each fiscal quarter derived from the sale of Upgraded Accounts to seamless.ai.

**RESPONSE TO INTERROGATORY NO. 7:**

Seamless objects to the definition of "Your" as identified in Objection No. 1 above. Seamless further objects to Interrogatory No. 7 because it requests sensitive, proprietary, and confidential information concerning Seamless's financial performance, the disclosure of which would cause irreparable competitive harm to Seamless. Seamless objects to this Request as unduly burdensome because Seamless does not track its revenue by quarter in the ordinary course of business. Moreover, Interrogatory No. 7 is overbroad and seeks irrelevant information to the extent it is not bound to revenue derived during the time period for which the relevant product at issue was offered. Subject to and without waiving the foregoing objections, Seamless responds as follows: Seamless will produce business records from which the answer to Interrogatory No. 7 can be determined only upon the entry of a suitable protective order permitting Seamless to designate its response as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as appropriate. Seamless will provide such information for revenue derived only after January 1, 2018, shortly after the official launch of seamless.ai.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

As discussed in the parties' meet-and-confer on September 21, and pursuant to Rule 33(d), Seamless intends to produce business records kept in the ordinary course of business from which

- 8 -

the answer to Interrogatory No. 7 can be determined.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Seamless incorporates by reference its prior objections as if fully rewritten here. Subject to and without waiving these objections, Seamless refers Plaintiff to Bates-numbered documents SEAMLESS_NDILL_000384; 013974; 014006; 014174; and 014190 previously produced in this action.

**INTERROGATORY NO. 8:**

Provide the name, last known address, and last known telephone number of each individual likely to have discoverable information concerning the allegations of the Complaint— along with the subjects of that information.

**RESPONSE TO INTERROGATORY NO. 8:**

Seamless objects to Interrogatory No. 8 as overly broad and unduly burdensome because it purports to require Seamless to identify each individual that may have discoverable information concerning the allegations in the Complaint, regardless of whether the information those individuals may possess is unique, substantive, or significant, and regardless of the role they may have, and seeks personal contact information for individuals who may be represented by counsel for Seamless. Subject to and without waiving the foregoing objection, Seamless refers to and incorporates Seamless's Initial Disclosures, served on June 27, 2022. Seamless identifies the following additional individuals as having unique substantive information concerning the allegations in the Complaint:

| Name/Contact Information | Subject matter of knowledge |
| --- | --- |
| Jake Phillips (VP, Product) <br> **Contact through counsel** | ███████ ██ ██ ████████ <br> ████████████ |
| Michael Hopkins (Chief Revenue Officer, head of sales) <br> **Contact through counsel** | ███████ ██ ██ ████████ |
| Jonathan Pogact (VP, Marketing) <br> **Contact through counsel** | ███████ ██████ |

| | |
|---|---|
| Trent Walklett (VP, Finance) **Contact through counsel** | ██████ |

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Trent Walklett is now a former employee; his replacement has not yet begun work. Seamless will further supplement its response after that occurs.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Seamless incorporates by reference its prior objections as if fully rewritten here. Subject to and without waiving the foregoing objection, Seamless refers to and incorporates Seamless's Amended Initial Disclosures, served on May 18, 2023. Seamless identifies the following individuals as having unique substantive information concerning the allegations in the Complaint:

| Name/Contact Information | Subjects matter of knowledge |
|---|---|
| Danielle Demming COO and Co-Founder, Seamless **Contact through counsel** | ███████████████████ |
| Austin Floyd Chief Architect Officer, Seamless **Contact through counsel** | ███████████████████ |
| Mike Hopkins Chief Revenue Officer, Seamless **Contact through counsel** | ███████████████████ |

**INTERROGATORY NO. 9:**

Identify all categories of information from the Database that are available to a user that purchases a Seamless Upgraded Account.

**RESPONSE TO INTERROGATORY NO. 9:**

Seamless objects to the definition of "Seamless" as identified in Objection No. 1 above. Seamless further objects to Interrogatory No. 9 because it requests sensitive, proprietary, and confidential information concerning Seamless's business practices, the disclosure of which would cause irreparable competitive harm to Seamless. Seamless will provide such information only upon the entry of a suitable protective order permitting Seamless to designate its response as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as appropriate.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Pursuant to the Protective Order in this matter, Seamless designates this supplemental response as **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:** ██████████

████████████████████████████████████████████████████████

████████████████

    ■ ████████████████████████████

      ■ ████████████

      ■ █████████████████

      ■ ████████

      ■ ██████████████████████

      ■ ███████████████

      ■ ██████████████

    ■ █████████████████████

      ■ ██████████████

      ■ █████████████

      ■ █████████████████████















**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Seamless incorporates by reference its prior objections as if fully rewritten here. Subject to and without waiving these objections, Seamless refers Plaintiff to Bates-numbered documents SEAMLESS_NDILL_013901–013908.

**INTERROGATORY NO. 10:**

State the number of Profiles in the Database.

**RESPONSE TO INTERROGATORY NO. 10:**

Seamless objects to Interrogatory No. 10 as vague and ambiguous insofar as it seeks a static

- 18 -

number of "Profiles" in a dynamic Database without specifying any particular date or time. Seamless objects to the definition of "Profiles." Subject to and without waiving its objections, Seamless states that it cannot answer Interrogatory No. 10 as phrased. ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████ Seamless is willing to meet and confer to discuss what other information might be possible to respond to this Interrogatory if rephrased.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Pursuant to the Protective Order in this matter, Seamless designates this supplemental response as **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:** Subject to and without waiving its objections, ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Pursuant to the Protective Order in this matter, Seamless designates this supplemental response as **HIGHLY** CONFIDENTIAL – ATTORNEYS' EYES ONLY: Subject to and without waiving its objections,

**INTERROGATORY NO. 11:**

State the number of Profiles in the Database for which the Profile Information indicates the individual's location is in Illinois.

**RESPONSE TO INTERROGATORY NO. 11:**

Seamless objects to Interrogatory No. 11 as vague and ambiguous insofar as it seeks a static number of "Profiles" in a dynamic Database without specifying any particular date or time. Seamless objects to the definition of "Profiles" and "Profile Information." Seamless is interpreting "profiles" to mean the individual contact displayed about whom information is compiled from many pieces of data gathered over time from various sources, which Seamless generates in real time as it is requested by the user's search. Seamless further objects to Interrogatory No. 11 because it requests sensitive, proprietary, and confidential information concerning Seamless's business practices, the disclosure of which would cause irreparable competitive harm to Seamless. Subject to and without waiving its objections, Seamless states that it cannot answer Interrogatory No. 11 as phrased. ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Seamless is willing to meet and confer to discuss what other information might be possible to respond to this Interrogatory if rephrased.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Pursuant to the Protective Order in this matter, Seamless designates this supplemental response as **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:** Subject to and without waiving its objections, ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

- 21 -

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

None.

**INTERROGATORY NO. 12:**

State the number of Upgraded Account users for which the user listed an Illinois billing address.

**RESPONSE TO INTERROGATORY NO. 12:**

Seamless objects to Interrogatory No. 12 as vague and ambiguous insofar as it seeks a static number of Upgraded Account Users who listed an Illinois billing address without specifying any particular date or time. Seamless further objects to Interrogatory No. 12 because it requests sensitive, proprietary, and confidential information concerning Seamless's business practices, the

disclosure of which would cause irreparable competitive harm to Seamless. Subject to and without waiving its objections, Seamless states that it cannot answer Interrogatory No. 12 as phrased. ████████████████████████████████████████████████ Seamless is willing to meet and confer to discuss what other information might be possible to respond to this Interrogatory if rephrased.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Pursuant to the Protective Order in this matter, Seamless designates this supplemental response as **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:** Subject to and without waiving its objections, ██████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

None.

**INTERROGATORY NO. 13:**

State the number of Profiles in the Database for which the Profile Information indicates the

individual's location is in Illinois, and where the individual represented in the Profile is, or has been, an Upgraded Account holder of seamless.ai.

**RESPONSE TO INTERROGATORY NO. 13:**

Seamless objects to Interrogatory No. 13 as vague and ambiguous insofar as it seeks a static number of "Profiles" in the Database for which the "Profile Information" indicates the individual's location is in Illinois, and where the individual represented in the "Profile" is, or has been, an Upgraded Account holder of seamless.ai without specifying any particular date or time. Seamless objects to the definition of "Profiles" and "Profile Information." Seamless is interpreting "profiles" to mean the individual contact displayed about whom information is compiled from many pieces of data gathered over time from various sources, which Seamless generates in real time as it is requested by the user's search. █████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Subject to and without waiving its objections, Seamless states that it cannot answer the Interrogatory as phrased. ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████ Seamless is willing to meet and confer to discuss what other information might be possible to respond to this Interrogatory if rephrased.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

None.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

None.

**INTERROGATORY NO. 14:**

Identify and describe the process by which Seamless creates "Real-Time Alerts" about individuals, including how a subscriber sets up a real-time alert, what information about the tracked individual Seamless monitors, the method by which Seamless monitors information about the tracked individual, and how Seamless provides alerts to the subscriber when monitored information changes.

**RESPONSE TO INTERROGATORY NO. 14:**

Seamless objects to the definition of "Seamless" as identified in Objection No. 1 above. Subject to and without waiving the foregoing objection, ████████████████████████ ████████████████████████████████████████████████████

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

None.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Seamless incorporates by reference its prior objections as if fully rewritten here. Subject to and without waiving these objections, ██████████████████████████ ████████████████████████████████████████████████████ ████████████████████

**INTERROGATORY NO. 15:**

Identify and describe the process by which Seamless performs "Data Enrichment" services for subscribers, including what information Seamless collects when it performs data enrichment, how Seamless collects the information, and how Seamless delivers the information to subscribers.

**RESPONSE TO INTERROGATORY NO. 15:**

Seamless objects to the definition of "Seamless" as identified in Objection No. 1 above. Seamless further objects to Interrogatory No. 15 as vague and ambiguous insofar as Plaintiff appears to be using "Data Enrichment" as a defined term, yet Plaintiff has not defined it. Subject to and without waiving its objections, ███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Seamless is not withholding information based on its objection to the definition of Data Enrichment; Seamless has responded based on its understanding of that term.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

None.

Respectfully submitted,

*/s/ Aneca E. Lasley*
Isaac Colunga
ICE MILLER LLP
200 West Madison, Suite 3500
Chicago, Illinois 60606

- 26 -

Telephone: (312) 726-7157
Email: Isaac.Colunga@icemiller.com

Aneca E. Lasley (admitted *pro hac vice*)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215
Telephone: (614) 462-1085
Email: Aneca.Lasley@icemiller.com

Melissa Anne Siebert
COZEN O'CONNOR
123 N. Wacker Dr., 18th Floor
Chicago, IL 60606
Telephone: (312)-382-8910
Email: Msiebert@cozen.com

*Attorneys for Defendant Seamless Contacts, Inc.*

## <u>VERIFICATION OF RESPONSES TO INTERROGATORIES</u>

I, Danielle Demming, am the Chief Operating Officer of Defendant Seamless Contacts, Inc. ("Seamless") and am an authorized agent of Seamless for purposes of responding to these Interrogatories. Based on a reasonable inquiry, I believe that the foregoing responses are true and correct to the best of my knowledge, information, and belief, but I do not hereby certify that I have personal knowledge of all of the facts set forth in these responses.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on November <u>10</u>, 2023.

By: _____

Danielle Demming

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May 2023, the foregoing served via e-mail to the

following:

Raina C. Borrelli
Samuel J. Strauss
Brittany Resch
TURKE STRAUSS LLP
613 Williamson Street, Suite 100
Madison, WI 53703
Telephone: (608) 237-1775
sam@turkestrauss.com
raina@turkestrauss.com
brittanyr@turkestrauss.com

Michael F. Ram
Marie N. Appel
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
mram@forthepeople.com
mappel@forthepeople.com

Benjamin R. Osborn, *Pro Hac Vice Forthcoming*
Email: ben@benosbornlaw.com
102 Bergen Street
Brooklyn, NY 11201
Telephone: (347) 645-0464

*/s/ Aneca E. Lasley*
Aneca E. Lasley (admitted *pro hac vice*)

— **EXHIBIT 28** —

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATE HOFFOWER, individually, and on behalf of all others similarly situated, | ) )  |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:22-cv-02079 |
| v. | ) |
| | ) Hon. Matthew F. Kennelly |
| SEAMLESS CONTACTS INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT SEAMLESS CONTACTS, INC.'S THIRD SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO PLAINTIFF KATE HOFFOWER'S
INTERROGATORY NO. 21AND SECOND SUPPLEMENTAL RESPONSES TO REQUEST
FOR PRODUCTION NO. 26**

Defendant Seamless Contacts, Inc. ("Seamless"), by and through  counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby submits these Third Supplemental Responses and Objections to Plaintiff Kate Hoffower's Interrogatory No. 21 and Second Supplemental Responses to Request for Production No. 26 ("Supplemental Responses and Objections") as follows. Defendant expressly incorporates and re-states all previously served objections related to Interrogatory No. 21 and Request for Production No. 26.

These Supplemental Responses and Objections are being timely provided as ordered by the Court in its October 12, 2023 Minute Order, which required Seamless to "produce further information regarding the plaintiff's interrogatory 21 and request for production 26." [Dkt. 99.] The Parties agreed that Seamless would query data sources available to it, and attempt to return search results containing the email, name, contact location, business name, and business location for the time period of April 2021 to present, of people appearing in a MyContact list with a contact location of Illinois, based on searches performed by Seamless customers who purposefully converted from free customer status to

1

paid customer status during this time period.  [Dkt. 97.]

**INTERROGATORY NO. 21:**

Identify and describe whether and how Seamless tracks, logs, documents, or stores what content is viewed or accessed by free trial users, including whether and when any specific Profile was viewed or accessed by non-subscribers and/or free trial users before making a purchase of credits or upgrading their account.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21:**

Seamless incorporates by reference each objection set forth in the General Objections and specific objections to its prior Answers to Interrogatory No. 21 as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. Seamless does not track, log, document, or store the information sought in this Interrogatory in the ordinary course of business. This Supplemental Response, the production of information referred to in the Supplemental Response to Interrogatory No. 26 below, and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information, which  is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that the class is not ascertainable.  Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**.

Subject to and without waiving the foregoing objections, Seamless responds as follows. In order to adhere to the Court's Order and the agreement of the Parties, ███████████

████████████████████████████████████████

████████████████████████████████

- ███████████████████████

- ██████████████████████████████████████
████████████████████

- ███████████████████████

- ██████████████████████████████████

- ██████████████████████████████████████
████████

- ████████████████████

█████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

███████████████

███████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

A.  ██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████

a. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

b. ████████████████████████████████████████
████████████████████████████████

c. ████████████████████████████████████████
████████████████████████████████████████
██████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████

B. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████



C.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show the Profiles viewed or accessed by non-subscribers and/or free trial users before making a purchase of credits or upgrading their account.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Seamless incorporates by reference each objection set forth in the General Objections and specific objections to its original Answer to Request for Production No. 26 as if fully stated herein. Seamless further objects on the grounds that the documents produced pursuant to this Request are inaccurate, overly broad, and unusable for the purposes of determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class. Defendant further incorporates and restates the objections to and explanations of the query, and problems with the results as stated above in Seamless's Supplemental Response to Interrogatory No. 21.

Subject to and without waiving the foregoing objections, Seamless produces a spreadsheet containing the results of the query discussed in the Supplemental Response to Interrogatory No. 21 as SEAMLESS_NDILL_014578.

Respectfully submitted,

*/s/ Melissa Ann Siebert*

Melissa Anne Siebert
COZEN O'CONNOR
123 N. Wacker Dr., 18th Floor
Chicago, IL 60606
Telephone: (312)-382-8910
Email: Msiebert@cozen.com

Aneca E. Lasley (admitted *pro hac vice*)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215
Telephone: (614) 462-1085
Email: Aneca.Lasley@icemiller.com

*Attorneys for Defendant Seamless Contacts, Inc.*

6

DocuSign Envelope ID: 6A2FBE37-2CB3-4F95-9BCD-904824AC71F9

## VERIFICATION OF SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21

I, Austin Floyd, am the Chief Architect Officer for Defendant Seamless Contacts, Inc. ("Seamless"). Based on my reasonable inquiry and hundreds of hours I personally spent creating, running, and testing queries of the systems available to Seamless, and the data on those systems, the foregoing Supplemental Response to Interrogatory No. 21 is true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on November 10, 2023.

By: *Austin Floyd*
DocuSigned by:
B313AC2A6AE3412...
Austin Floyd

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October 2023, the foregoing served via e-mail to the

following:

Raina C. Borrelli
Samuel J. Strauss
Brittany Resch
TURKE STRAUSS LLP
613 Williamson Street, Suite 100
Madison, WI 53703
Telephone: (608) 237-1775
sam@turkestrauss.com
raina@turkestrauss.com
brittanyr@turkestrauss.com

Michael F. Ram
Shelby Serig
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
mram@forthepeople.com
sserig@forthepeople.com

*/s/ Aneca E. Lasley*
Aneca E. Lasley (admitted *pro hac vice*)

8

**Filed Under Seal**

— **EXHIBIT  29** —

**Filed Under Seal**

**— EXHIBIT  30 —**