**Filed Under Seal**

**— EXHIBIT  31 —**

— **EXHIBIT  32** —

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATE HOFFOWER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAMLESS CONTACTS INC., a Delaware Corporation,<br><br>Defendant. | Case No. 1:22-cv-02079 |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S  FOURTH SET OF**

**INTERROGATORIES**

Defendant Seamless Contacts, Inc. ("Seamless" or "Defendant"), by and through its undersigned counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby objects and submits these Responses to Plaintiff Kate Hoffower's Fourth Set of Interrogatories.

**GENERAL OBJECTIONS**

1.      Seamless objects to the Requests as unduly burdensome to the extent the Requests are not temporally limited to the time period where the issues, claims, or defenses in this litigation arose. Where Seamless agrees to search for documents in response to these Requests, those time periods will be specified in the response to each Request.

2.      Seamless objects to the Interrogatories to the extent they seek information and documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege. Specifically, the disclosure of any privileged or protected communications or information shall not operate as a waiver of the applicable privilege or

protection. Furthermore, Seamless reserves all rights under Fed. Civ. R. 26 to notify parties to this action that information or materials subject to a claim of privilege or work product has been produced, and to require the parties to: (i) promptly return, sequester, or destroy the specified information and any copies within the party's possession, custody, or control; (ii) not use or disclose the information; and (iii) take reasonable steps to retrieve the information if the parties disclosed the information to third parties before being notified of the claim of privilege or work-product protection.

3.      Seamless objects to the Interrogatories to the extent they seek information not within the possession, custody, or control of Seamless. An objection on this ground does not constitute a representation or admission that such information does in fact exist. Seamless will only respond with information that can be located through a reasonable inquiry and diligent search.

4.      Seamless objects to the Requests to the extent they seek information not within the possession, custody, or control of Seamless. An objection on this ground does not constitute a representation or admission that such information does in fact exist. Seamless will only produce documents that can be located through a reasonable inquiry and diligent search.

5.      Seamless objects to the Interrogatories to the extent they seek to impose discovery obligations beyond those imposed by the Federal Rules of Civil Procedure.

6.      Seamless objects to the Interrogatories to the extent that they assume the existence of facts, or the occurrence of events, denied by Seamless. Accordingly, a response by Seamless to any of the Interrogatories is not an admission or acknowledgment by Seamless of the existence of any fact asserted nor of the occurrence of any event alleged.

7.      Seamless objects to the Interrogatories to the extent they require the disclosure of information containing proprietary or confidential information, trade secrets, or information that

may implicate third-party privacy rights. Seamless will respond only in accordance with and subject to the entry of suitable protective order.

8. Seamless objects to the Interrogatories to the extent that they seek discovery that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

9. Seamless objects to the Interrogatories to the extent that they seek information that Seamless is legally or contractually prohibited from disclosing, including documents that would require Seamless to breach a confidentiality agreement, protective order, settlement, or other duty to a third party to maintain confidentiality.

10. Seamless objects to the Requests to the extent that they are overbroad and unduly burdensome, and to the extent that they are vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

11. Seamless objects to the Requests to the extent that answering would cause unreasonable annoyance, embarrassment, oppression, burden, or expense.

12. Seamless objects to the Requests to the extent that they seek information or the production of documents that have already been provided or produced, or that Plaintiff otherwise already has, or to the extent that they seek public records.

13. All responses are made without waiving or intending to waive, but on the contrary, intending to preserve and preserving:

    a. The right to object, on the grounds of competency, relevancy, materiality, privilege,

confidentiality, or admissibility as evidence for any purpose, to the use of the responses provided or the documents produced or the subject matter thereof in any subsequent proceeding in, or the trial of, this or any other action; and

b. The right to object on any ground to other requests for admissions, interrogatories, document requests, or other discovery devices.

14. Seamless objects to the term and definition of "Database" because it is overbroad and does not accurately or adequately define or encompass Seamless's product or practices.

15. Seamless objects to the definition of "Documents" to the extent it seeks sources of documents, materials, or electronically stored information that are not reasonably accessible because of the undue burden or cost, particularly any sources that contain information that is duplicative of that which is reasonable accessible from other sources.

16. Seamless objects to the definition of "On-Site Messages" because it is overbroad and vague.

17. Seamless objects to the definition of "Profiles" as inaccurate because Seamless does not maintain a singular, distinct "profile" for specific individuals.

18. Seamless objects to the definition of "Profile Information" as inaccurate because Seamless does not maintain a singular, distinct "profile" for specific individuals and therefore does not have "Profile Information."

Each and every General Objection above shall be deemed to be incorporated in full into each of the individual Responses below. The inclusion of any specific objection in any Response is not intended, and should not be construed as, a waiver or limitation of any of the General Objections. Subject to the foregoing objections and to the particularized objections set forth below, Seamless responds as follows:

## RESONSES TO INTERROGATORIES

**INTERROGATORY NO. 25:**    State how many queries were ran, and on what date, to populate SEAMLESS_NDILL_014578, and if these queries were ran on a different day, could the results be different.

   **Response:**  Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. Seamless does not track, log, document, or store the information sought in this Interrogatory in the ordinary course of business. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

   Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ███████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████

5

**INTERROGATORY NO. 26:** Explain the process of how each query was used to populate SEAMLESS_NDILL_014578, including whether one query was used for each of the six data sources identified in Seamless's supplemental response to Interrogatory No. 21, what order the queries were ran, and whether and how the query ran on the Stripe data informed the query on the My Contacts data given Seamless's representation that there is no mapping or linking between those two datasets.

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY.** Subject to and without waiving the foregoing objections, Seamless responds as follows: ███ ████ ██ █████

██████████████████████████████████████████████████

████████████████████████████████████████

**INTERROGATORY NO. 27:**     Explain what the Minimum Paid Data from Stripe is, what it shows, and how it was used to create SEAMLESS_NDILL_014578.

     **Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

     Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████     ██████████████████

██████████████████

7

**INTERROGATORY NO. 28:**    Explain what the Contact Record Data is, and if it refers to the MyContacts lists that Seamless stores in the backend.

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows:

██████████████████████████████████████████████████████

**INTERROGATORY NO. 29:**    Explain what the organization domains are and how these were used to create SEAMLESS_NDILL_014578.

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct  the identification of a purported class in this matter. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query

that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████      ████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████

**INTERROGATORY NO. 30:**      Explain whether all customers have a Stripe customer ID or just paid customers, and when and how that ID is assigned.

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ████████████████

████████

**INTERROGATORY NO. 31:**      Explain what customer minimum paid dates are, and how that was used to create SEAMLESS_NDILL_014578.

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ████████████████

████████████████████████████████

████████████████████████████████

████████████████████

**INTERROGATORY NO. 32:**      Explain what data Seamless refers to in this statement: "Data stored on Seamless's Platform for customers that have Stripe customer ID

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ███████████████████

████████████████████████████████████

████████████████████████████████

**INTERROGATORY NO. 33:** Explain how the data in SEAMLESS_NDILL_014578 was populated from 6 separate data sources and queries, such that the correct data aligned for each individual contact in the spreadsheet.

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct  the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered

11

a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ███████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████

**INTERROGATORY NO. 34:**     Explain what was done to test the accuracy of the queries and the information they returned.

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct  the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ███████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███                                                                    ███

**INTERROGATORY NO. 35:** Explain how many entries were removed after "de-duplication" as noted in Seamless's supplemental response to Interrogatory 21, how this de-duplication was conducted, and why de-duplication is in quotes in Seamless's response.

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY.** Subject to and without waiving the foregoing objections, Seamless responds as follows: ███████████████

████████████████████████████████████

████████████████████████████

[black redaction bars]

**INTERROGATORY NO. 36:**     Explain how many paid customers Seamless excluded or removed from the query results, and what this process was.

    **Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

    Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: [black redaction bar]

[black redaction bars]

**INTERROGATORY NO. 37:**    Explain what this statement means from Seamless's supplemental response to Interrogatory No. 21: "For the agreed upon timeframe, Seamless queried all records from the date that a free customer originally registered on the Seamless Platform."

  **Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

  Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ███████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████

**INTERROGATORY NO. 38:**    Explain what sources of data exist to show when a customer became a paid customer, in addition to Stripe data.

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ████████████████████
████████████████████

**INTERROGATORY NO. 39:** Explain what Seamless means in paragraph A(c) of Seamless's supplemental response to Interrogatory No. 21, and whether Stripe reissues a new subscription number to a paid customer, even if that paid customer used to be a paid customer who cancelled and then rejoined.

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was

16

done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ███████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████

**INTERROGATORY NO. 40:**        Explain where the research credit number data is maintained, how it is generated, and how this data is connected to the data in MyContacts.

**Response:** Seamless incorporates by reference each objection set forth in the General Objections as if fully stated herein. Seamless further objects to this Interrogatory to the extent the Response is used, in any way, to determine, calculate, estimate, or otherwise direct the identification of a purported class in this matter. The data sought is not organized or intended to be used to determine conversion from free to paid customer status and thus cannot be considered a reliable indicator of same. This Response and the running of the queries required for same was done specifically and only at the direction of the Court. Seamless objects to this Interrogatory on

17

the grounds that it seeks information which requires a search and query that is overbroad, inaccurate, and unusable in determining the size of the purported class in this matter and, in fact, demonstrates that there is no ascertainable class.

Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY**. Subject to and without waiving the foregoing objections, Seamless responds as follows: ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████

Respectfully submitted,

*/s/ Melissa A. Siebert*

Melissa Anne Siebert
Austin G. Dieter
COZEN O'CONNOR
123 N. Wacker Dr., 18th Floor
Chicago, IL 60606
Telephone: (312)-382-8910
Email: Msiebert@cozen.com
        adieter@cozen.com

Aneca E. Lasley (admitted *pro hac vice*)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215
Telephone: (614) 462-1085
Email: Aneca.Lasley@icemiller.com

*Attorneys for Defendant Seamless Contacts, Inc.*

18

## VERIFICATION OF RESPONSES TO FOURTH SET OF INTERROGATORIES

I, Austin Floyd, am the Chief Architect Officer for Defendant Seamless Contacts, Inc.("Seamless"). Based on my reasonable inquiry, the foregoing Responses to Plaintiff's Fourth Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on November 10, 2023.

By: _____
              Austin Floyd

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November 2023, the foregoing served via e-mail to

the following:

Raina C. Borrelli
Samuel J. Strauss
Brittany Resch
TURKE STRAUSS LLP
613 Williamson Street, Suite 100
Madison, WI 53703
Telephone: (608) 237-1775
sam@turkestrauss.com
raina@turkestrauss.com
brittanyr@turkestrauss.com

Michael F. Ram
Shelby Serig
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
mram@forthepeople.com
sserig@forthepeople.com

*/s/ Austin G. Dieter*
Austin G. Dieter

**Filed Under Seal**

— **EXHIBIT 33** —

**Filed Under Seal**

— EXHIBIT 34 —

**Filed Under Seal**

# — EXHIBIT 35 —

— EXHIBIT 36 —

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATE HOFFOWER, individually, and on behalf of all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:22-cv-02079 |
| v. | ) |
| | ) Hon. Matthew F. Kennelly |
| SEAMLESS CONTACTS INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT SEAMLESS CONTACTS, INC.'S FIRST SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF KATE HOFFOWER'S SECOND SET
OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Seamless Contacts, Inc., ("Defendant" or "Seamless") by and through its attorneys, hereby provides its First Supplemental objections and responses to Plaintiff Kate Hoffower's Second Set of Interrogatories ("Interrogatories"). These responses are subject to the same General Objections as set forth in Seamless's original responses, served on or around June 27, 2023.

**PRELMINARY STATEMENT**

Although Seamless has made a diligent and good faith effort to gather the information with which to respond to the Interrogatories, discovery in this matter is in its preliminary stages and is ongoing. For this reason, Seamless's responses may require supplementation in the normal course of litigation. Accordingly, all of the following reasons are given without prejudice to and with the express reservation of Seamless's right to supplement or modify its responses to the extent required by applicable rules to incorporate other discovered information, and to rely upon any and all such information at trial or otherwise. Likewise, Seamless shall not be prejudiced if any of its present responses are based on incomplete knowledge or comprehension of the facts, events, or

occurrences involved in this matter.

## GENERAL OBJECTIONS

1.     Seamless objects to the Interrogatories as unduly burdensome to the extent the Interrogatories are not temporally limited to the time period where the issues, claims, or defenses in this litigation arose. Where Seamless agrees to search for documents in response to these Interrogatories, those time periods will be specified in the response to each Interrogatory.

2.     Seamless objects to the Interrogatories to the extent they seek information and documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege. Specifically, the disclosure of any privileged or protected communications or information shall not operate as a waiver of the applicable privilege or protection. Furthermore, Seamless reserves all rights under Fed. Civ. R. 26 to notify parties to this action that information or materials subject to a claim of privilege or work product has been produced, and to require the parties to: (i) promptly return, sequester, or destroy the specified information and any copies within the party's possession, custody, or control; (ii) not use or disclose the information; and (iii) take reasonable steps to retrieve the information if the parties disclosed the information to third parties before being notified of the claim of privilege or work-product protection.

3.     Seamless objects to the Interrogatories to the extent they seek information not within the possession, custody, or control of Seamless. An objection on this ground does not constitute a representation or admission that such information does in fact exist. Seamless will only respond with information that can be located through a reasonable inquiry and diligent search.

4.     Seamless objects to the Interrogatories to the extent they seek information not within the possession, custody, or control of Seamless. An objection on this ground does not constitute a

representation or admission that such information does in fact exist. Seamless will only produce documents that can be located through a reasonable inquiry and diligent search.

5.     Seamless objects to the Interrogatories to the extent they seek to impose discovery obligations beyond those imposed by the Federal Rules of Civil Procedure.

6.     Seamless objects to the Interrogatories to the extent that they assume the existence of facts, or the occurrence of events, denied by Seamless. Accordingly, a response by Seamless to any of the Interrogatories is not an admission or acknowledgment by Seamless of the existence of any fact asserted nor of the occurrence of any event alleged.

7.     Seamless objects to the Interrogatories to the extent they require the disclosure of information containing proprietary or confidential information, trade secrets, or information that may implicate third-party privacy rights. Seamless will respond only in accordance with and subject to the Protective Order entered in this case.

8.     Seamless objects to the Interrogatories to the extent that they seek discovery that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

9.     Seamless objects to the Interrogatories to the extent that they seek information that Seamless is legally or contractually prohibited from disclosing, including documents that would

require Seamless to breach a confidentiality agreement, protective order, settlement, or other duty to a third party to maintain confidentiality.

10.     Seamless objects to the Interrogatories to the extent that they are overbroad and unduly burdensome, and to the extent that they are vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

11.     Seamless objects to the Interrogatories to the extent that answering would cause unreasonable annoyance, embarrassment, oppression, burden, or expense.

12.     Seamless objects to the Interrogatories to the extent that they seek information or the production of documents that have already been provided or produced, or that Plaintiff otherwise already has, or to the extent that they seek public records.

13.     All responses are made without waiving or intending to waive, but on the contrary, intending to preserve and preserving:

    a.  The right to object, on the grounds of competency, relevancy, materiality, privilege, confidentiality, or admissibility as evidence for any purpose, to the use of the responses provided or the documents produced or the subject matter thereof in any subsequent proceeding in, or the trial of, this or any other action; and

    b.  The right to object on any ground to other requests for admissions, interrogatories, document requests, or other discovery devices.

14.     Seamless objects to the term and definition of "Database" because it is overbroad and does not accurately or adequately define or encompass Seamless's product or practices.

15.     Seamless objects to the definition of "Documents" to the extent it seeks sources of documents, materials, or electronically stored information that are not reasonably accessible because of the undue burden or cost, particularly any sources that contain information that is duplicative of that which is reasonable accessible from other sources.

16.     Seamless objects to the definition of "On-Site Messages" because it is overbroad and vague.

17.     Seamless objects to the definition of "Profiles" as inaccurate because Seamless does not maintain a singular, distinct "profile" for specific individuals.

18.     Seamless objects to the definition of "Profile Information" as inaccurate because Seamless does not maintain a singular, distinct "profile" for specific individuals and therefore does not have "Profile Information."

Each and every General Objection above shall be deemed to be incorporated in full into each of the individual Responses below. The inclusion of any specific objection in any Response is not intended, and should not be construed as, a waiver or limitation of any of the General Objections. Subject to the foregoing objections and to the particularized objections set forth below, Seamless responds as follows:

[remainder of this page left intentionally blank]

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 16:**

Identify and describe the Flow on www.seamless.ai for free trial access users in December 2017.

**ANSWER**: Seamless incorporates by reference each objection set forth in the General Objections above as if fully stated herein. Seamless objects to the term "Flow" to the extent it includes terms and assumptions about "free trial access users," "purchase," and website functionality that are not accurate. Seamless further objects to the term "free trial access user" as that term is not accurately or adequately defined and therefore is prejudicial as it is vague, ambiguous, subject to confusion, misleading, and lacks specificity. Seamless provides a product to customers only and is unable to ascertain the meaning of this inaccurate term as used herein. Seamless further objects on the grounds that this interrogatory seeks the discovery of information regarding topics which have already been identified in Plaintiff's FRCP Rule 30(b)(6) notice for which Seamless has agreed, subject to its objections, to present a witness to testify. Seamless further objects on the grounds that the information requested is as available to Plaintiff as it is to Seamless and therefore this request is overly burdensome. Seamless further objects to this Interrogatory on the grounds that it is overbroad, vague, and ambiguous as to the meaning and scope of the term "Flow" as that term could capture a broad array of information which is not sufficiently described or defined in the interrogatory. Subject to and without waiving the foregoing objections, Seamless responds as follows: Seamless refers Plaintiff to the general description of its platform at www.seamless.ai. For specific inquiries regarding the click-by-click operation of Seamless's platform, Seamless has agreed, subject to its objections, to present a witness to testify to these inquiries. *See* Seamless's 30(b)(6) designation for topic 17.

**AMENDED ANSWER:** None.

6

**INTERROGATORY NO. 17:**

Identify and describe all changes to the Flow on www.seamless.ai for free trial access users since December 2017.

**ANSWER**: Seamless incorporates by reference each objection set forth in the General Objections above as if fully stated herein. Seamless objects to the term "Flow" to the extent it includes terms and assumptions about "free trial access users," "purchase," and website functionality that are not accurate. Seamless further objects to the term "free trial access user" as that term is not accurately or adequately defined and therefore is prejudicial as it is vague, ambiguous, subject to confusion, misleading, and lacks specificity. Defendant provides a product to customers only and is unable to ascertain the meaning of this inaccurate term as used herein. Seamless further objects to this Interrogatory on the grounds that it is overbroad, vague, and ambiguous as to the meaning and scope of the term "Flow" as that term could capture a broad array of information which is not sufficiently described or defined in the interrogatory. Seamless further objects on the grounds that this interrogatory seeks the discovery of information regarding topics which have already been identified in Plaintiff's FRCP Rule 30(b)(6) notice for which Seamless has agreed, subject to its objections, to present a witness to testify. *See* Seamless's 30(b)(6) designation for topic 17.

**AMENDED ANSWER:** None.

**INTERROGATORY NO. 18:**

Identify and describe the history of "Real Time Alerts" on www.seamless.ai, including, but not limited to, when "Real Time Alerts" were first implemented on a test basis and who they were available to at that time, when "Real Time Alerts" were made available to the public and who they were available to at any given time, when any changes to "Real Time Alerts" were made and

what those changes were, and when "Real Time Alerts" were no longer available to the public, or whether "Real Time Alerts" are still available to the public.

**ANSWER**:  Seamless incorporates by reference each objection set forth in the General Objections above as if fully stated herein. Seamless objects to this Interrogatory on the grounds that the term "Real Time Alerts" is not defined within the context of this Interrogatory and Seamless in unable to ascertain the purported meaning of this term. Seamless objects on the grounds that this Interrogatory assumes facts not in evidence as Seamless has specifically denied that it provides any real-time alerts to users in is Answer to Paragraph 11 of Plaintiff's Complaint. Subject to and without waiving the foregoing objections, Seamless responds as follows: Seamless does not presently and has not previously provided "Real-Time Alerts" to users.

**AMENDED ANSWER:** None.

**INTERROGATORY NO. 19:**

Identify and describe the history of "Data Enrichment" on www.seamless.ai, including, but not limited to, when "Data Enrichment" was first implemented on a test basis and who it was available to at that time, when "Data Enrichment" was made available to the public and who it was available to at any given time, when any changes to "Data Enrichment" was made and what those changes were, and when "Data Enrichment" was no longer available to the public, or whether "Data Enrichment" is still available to the public.

**ANSWER**: Seamless incorporates by reference each objection set forth in the General Objections above as if fully stated herein. Seamless objects to this Interrogatory on the grounds that the term "Data Enrichment" is not defined within the context of this Interrogatory. Seamless also objects to the use of the term "public" as it assumes facts not in evidence which are untrue. Seamless does not provide any product or platform to the public, as seamless.ai is available only to customers. Seamless further objects on the grounds that this interrogatory seeks the discovery

of information regarding topics which have already been identified in Plaintiff's FRCP Rule 30(b)(6) notice for which Seamless has agreed, subject to its objections, to present a witness to testify. *See* Seamless's 30(b)(6) designation for topic 6. Subject to and without waiving the foregoing objections, Seamless responds as follows: In accordance with FRCP Rule 33(d), Seamless refers Plaintiff to documents produced in this matter and Bates stamped SEAMLESS_NDILL_014221 and SEAMLESS_NDILL_014201. Seamless also refers Plaintiff to https://seamless.ai/products/data-enrichment. ████████████████████████

████████████████████████

**AMENDED ANSWER:** Seamless incorporates by reference each objection set forth in the General Objections above as if fully stated herein. Seamless objects to this Interrogatory on the grounds that the term "Data Enrichment" is not defined within the context of this Interrogatory. Seamless also objects to the use of the term "public" as it assumes facts not in evidence which are untrue. Seamless does not provide any product or platform to the public, as seamless.ai is available only to customers. Seamless further objects on the grounds that this interrogatory seeks the discovery of information regarding topics which have already been identified in Plaintiff's FRCP Rule 30(b)(6) notice for which Seamless has agreed, subject to its objections, to present a witness to testify. *See* Seamless's 30(b)(6) designation for topic 6. Subject to and without waiving the foregoing objections, Seamless responds as follows: In accordance with FRCP Rule 33(d), Seamless refers Plaintiff to documents produced in this matter and Bates stamped SEAMLESS_NDILL_014221 and SEAMLESS_NDILL_014201. Seamless also refers Plaintiff to https://seamless.ai/products/data-enrichment. ████████████████████████

████████████████████████

**INTERROGATORY NO. 20:**

Identify and describe the history of "Job Changes" on www.seamless.ai, including, but not limited to, when "Job Changes" was first implemented on a test basis and who it was available to at that time, when "Job Changes" was made available to the public and who it was available to at any given time, when any changes to "Job Changes" was made and what those changes were, and when "Job Changes" was no longer available to the public, or whether "Job Changes" is still available to the public.

**ANSWER**: Seamless incorporates by reference each objection set forth in the General Objections above as if fully stated herein. Seamless objects to this Interrogatory on the grounds that the term "Job Changes" is not defined within the context of this Interrogatory. Seamless also objects to the use of the term "public" as it assumes facts not in evidence which are untrue. Seamless does not provide any product or platform to the public, as seamless.ai is available only to customers. Seamless further objects on the grounds that this interrogatory seeks the discovery of information regarding topics which have already been identified in Plaintiff's FRCP Rule 30(b)(6) notice for which Seamless has agreed, subject to its objections, to present a witness to testify. *See* Seamless's 30(b)(6) designation for topic 6. Subject to and without waiving the foregoing objections, Seamless responds as follows: Seamless refers Plaintiff to https://seamless.ai/products/job-changes. ███████████████████████████
████████████████████████████████████████████████████████████
███████████

**AMENDED ANSWER:** Seamless incorporates by reference each objection set forth in the General Objections above as if fully stated herein. Seamless objects to this Interrogatory on the grounds that the term "Job Changes" is not defined within the context of this Interrogatory.

10

Seamless also objects to the use of the term "public" as it assumes facts not in evidence which are untrue. Seamless does not provide any product or platform to the public, as seamless.ai is available only to customers. Seamless further objects on the grounds that this interrogatory seeks the discovery of information regarding topics which have already been identified in Plaintiff's FRCP Rule 30(b)(6) notice for which Seamless has agreed, subject to its objections, to present a witness to testify. *See* Seamless's 30(b)(6) designation for topic 6. Subject to and without waiving the foregoing objections, Seamless responds as follows: Seamless refers Plaintiff to https://seamless.ai/products/job-changes. ████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████

**INTERROGATORY NO. 21:**

Identify and describe whether and how Seamless tracks, logs, documents, or stores what content is viewed or accessed by free trial users, including whether and when any specific Profile was viewed or accessed by non-subscribers and/or free trial users before making a purchase of credits or upgrading their account.

**ANSWER**: Seamless incorporates by reference each objection set forth in the General Objections above as if fully stated herein. Seamless further objects to the term "free trial user" as that term is not accurately or adequately defined and therefore is prejudicial as it is vague, ambiguous, subject to confusion, misleading, and lacks specificity. Seamless objects to the definition of "Profiles" as identified in General Objection No. 16 above. Seamless objects to the terms "non-subscribers" as inaccurate, vague, and ambiguous. Seamless objects to this interrogatory on the grounds that it is vague as to the term "content" as that term is used in this interrogatory. Seamless further objects on the grounds that this interrogatory is vague, ambiguous, and overly burdensome in scope. Seamless further objects on the grounds that this interrogatory

11

seeks the discovery of information regarding topics which have already been identified in Plaintiff's FRCP Rule 30(b)(6) notice for which Seamless has agreed, subject to its objections, to present a witness to testify. *See* Seamless's 30(b)(6) designation for topic 19. Subject to and without waiving the foregoing objections, Seamless responds as follows: █████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████

**AMENDED ANSWER:** Seamless incorporates by reference each objection set forth in the General Objections above as if fully stated herein. Seamless further objects to the term "free trial user" as that term is not accurately or adequately defined and therefore is prejudicial as it is vague, ambiguous, subject to confusion, misleading, and lacks specificity. Seamless objects to the definition of "Profiles" as identified in General Objection No. 16 above. Seamless objects to the terms "non-subscribers" as inaccurate, vague, and ambiguous. Seamless objects to this interrogatory on the grounds that it is vague as to the term "content" as that term is used in this interrogatory. Seamless further objects on the grounds that this interrogatory is vague, ambiguous, and overly burdensome in scope. Seamless further objects on the grounds that this interrogatory seeks the discovery of information regarding topics which have already been identified in Plaintiff's FRCP Rule 30(b)(6) notice for which Seamless has agreed, subject to its objections, to present a witness to testify. *See* Seamless's 30(b)(6) designation for topic 19. Subject to and without waiving the foregoing objections, Seamless responds as follows: █████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

12

[REDACTED]

[REDACTED]

[REDACTED]

**INTERROGATORY NO. 22:**

Explain the process by which Seamless calculated the counts shown in its First Supplemental Responses to Interrogatory Nos. 10, 11, and 12, including a description of all databases, web logs, or other data repositories that Seamless queried or referenced to obtain the counts.

**ANSWER**: Seamless incorporates by reference each objection set forth in the General Objections above as if fully stated herein. Seamless objects on the grounds that this Interrogatory seeks information that is protected by the attorney-client privilege and the work product doctrine. Subject to and without waiving the foregoing objection, Seamless responds as follows: Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**. The counts set forth in Supplemental Responses Nos. 10, 11, and 12 were calculated as follows:

- Response 10: Subject to and without waiving the objections made in its Supplemental Response to Interrogatory No. 10, Seamless responds as follows: [REDACTED]

  [REDACTED]

  [REDACTED]

  [REDACTED]

- Response 11: Subject to and without waiving the objections made in its Supplemental Response to Interrogatory No. 11, Seamless responds as follows: [REDACTED]

  [REDACTED]

13



- Response 12: Subject to and without waiving the objections made in its Supplemental Response to Interrogatory No. 12, Seamless responds as follows: ▮

**AMENDED ANSWER:** Seamless incorporates by reference each objection set forth in the General Objections above as if fully stated herein. Seamless objects on the grounds that this Interrogatory seeks information that is protected by the attorney-client privilege and the work product doctrine. Subject to and without waiving the foregoing objection, Seamless responds as follows: Pursuant to the Protective Order in this matter, Seamless designates this response as **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**. The counts set forth in Supplemental Responses Nos. 10, 11, and 12 were calculated as follows:

- Response 10: Subject to and without waiving the objections made in its Supplemental Response to Interrogatory No. 10, Seamless responds as follows: ▮

- Response 11: Subject to and without waiving the objections made in its Supplemental Response to Interrogatory No. 11, Seamless responds as follows: ▮



- Response 12: Subject to and without waiving the objections made in its Supplemental Response to Interrogatory No. 12, Seamless responds as follows: ███

Respectfully submitted,

*/s/ Melissa Anne Siebert*

Melissa Anne Siebert
COZEN O'CONNOR
123 N. Wacker Drive, 18th Floor
Chicago, Illinois 60606
Telephone: (312)-382-8910
Email: Msiebert@cozen.com

Aneca E. Lasley (admitted *pro hac vice*)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215
Telephone: (614) 462-1085
Email: Aneca.Lasley@icemiller.com

*Attorneys for Defendant Seamless Contacts, Inc.*

15

## **VERIFICATION OF RESPONSES TO INTERROGATORIES**

I, Danielle Demming, am the Chief Operating Officer of Defendant Seamless Contacts, Inc. ("Seamless") and am an authorized agent of Seamless for purposes of responding to these Interrogatories. Based on a reasonable inquiry, I believe that the foregoing responses are true and correct to the best of my knowledge, information, and belief, but I do not hereby certify that I have personal knowledge of all of the facts set forth in these responses.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2023.

By: _____
Danielle Demming

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of July 2023, the foregoing served via e-mail to the

following:

Raina C. Borrelli
Samuel J. Strauss
Brittany Resch
TURKE STRAUSS LLP
613 Williamson Street, Suite 100
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Email:  sam@turkestrauss.com
        raina@turkestrauss.com
        brittanyr@turkestrauss.com

Michael F. Ram
Marie N. Appel
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, California 94102
Telephone: (415) 358-6913
Email:  mram@forthepeople.com
        mappel@forthepeople.com

Benjamin R. Osborn, *Pro Hac Vice Forthcoming*
102 Bergen Street
Brooklyn, New York 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

*/s/ Melissa Anne Siebert*
Melissa Anne Siebert

**Filed Under Seal**

**— EXHIBIT  37 —**