**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATE HOFFOWER, on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>SEAMLESS CONTACTS, INC., a Delaware Corporation,<br><br>               Defendant. | Case No. 1:22-cv-02079<br><br>Judge Matthew F. Kennelly |

**PLAINTIFF'S LR 56.1(b)(2) RESPONSE TO DEFENDANT SEAMLESS
CONTACTS, INC.'S LR 56.1(a)(2) STATEMENT OF MATERIAL FACTS**

**A.     Plaintiff's Lawsuit**

1.      Plaintiff received a letter dated February 17, 2022, from Turke & Strauss, her attorneys in this case, which stated:

Dear Kate:

My name is Sam Strauss, and I am an attorney at the law firm of Turke & Strauss LLP. Our firm provides a variety of legal services, including litigating biometric privacy cases. We are currently investigating Universal Health Services, Inc. ("UHS") regarding its collection of employees' biometric data. As you likely know, UHS is one of the nation's largest providers of hospital and healthcare services and operates several facilities in Illinois.

We believe UHS requires many of its employees to clock in for their shifts with devices that scan their fingerprint biometrics. Biometrics are unlike other unique identifiers because they are biologically unique to the individual and cannot be changed. As a result, if this information is compromised or stolen, the individual is at an increased risk for identity theft or other misuse. For that reason, Illinois law prohibits the use of fingerprint scanning without the individual's written consent.

In October 2008, the State of Illinois enacted the Biometric Information Privacy Act ("BIPA") to establish conduct standard for private companies that collect, possess or process biometric information. Under BIPA, private companies are generally required to obtain an individual's informed, written consent prior to

1

collecting biometric information or sharing the collected biometric data with a third party.

BIPA imposes penalties on violators in the amount of $1,000 per violation or $5,000 per violation if the conduct is deemed intentional or reckless. We believe companies should be held accountable for violating employees' rights to privacy and control over their biometric information as contemplated under BIPA. If you are willing, we would like to speak with you regarding your experience with UHS.

The letter does not mention Seamless or the Illinois Right of Publicity Act ("IRPA"). (2/17/22 letter, Ex. A; Hoffower Dep., Ex. B, 38:18-24, 43:6-16).

a. **RESPONSE:** Plaintiff admits. Dkt. 141-1 (Ex. A)[1] speaks for itself.

2. After receiving the letter, Plaintiff "was sent a certain amount of information" by Turke & Strauss "about what Seamless had used to advertise their services," which led to her filing this lawsuit. (Hoffower Dep., Ex. B, 52:10-53:16).

a. **RESPONSE:** Plaintiff admits. Dkt. 141-2 (Ex. B) speaks for itself.

3. Plaintiff filed her Class Action Complaint on April 21, 2022, asserting claims against Seamless under IRPA and for unjust enrichment, alleging that Seamless used her name and identifying information to advertise subscriptions on its platform. (Class Action Complaint, Ex. C).

a. **RESPONSE:** Plaintiff admits. Dkt 141-3 (Ex. C) speaks for itself.

4. Plaintiff testified that she does not know whether her lawsuit asserts claims under IRPA and does not know what "personal information" of hers Seamless is allegedly using. (Hoffower Dep., Ex. B, 15:9-15, 21:24-25:7).

a. **RESPONSE:** Plaintiff admits. Dkt. 141-2 (Ex. B) speaks for itself.

---

[1] Defendant's summary judgment exhibits are filed under seal without redactions and slipsheets at Dkt. 142.

5.      Plaintiff testified that she has never visited the Seamless platform and has never seen a Seamless advertisement with her name or photograph on it. (Hoffower Dep., Ex. B, 25:20-22). She testified:

> Q: Do you know whether Seamless advertises using or has advertised using your personal information?
>
> A: I don't know how to answer these questions because I have not been on Seamless nor have I been in contact with them. But I have been given information by my attorneys where I could answer, yes, to some of the questions.
>
> Q: Well, I'm asking you. This is your lawsuit. Have you ever seen any advertisement by Seamless that used your name or photograph?
>
> A: No

(*Id.*, 25:6-17).

   a.  **RESPONSE:** Plaintiff admits. Dkt. 141-2 (Ex. B) speaks for itself.

6.      Plaintiff admits that all of her information that she claims appeared on the Seamless platform was posted elsewhere on the internet, including by Plaintiff herself to help expand her therapy business and "hopefully get new clients" and "connect to other people who would be helpful to connect to professionally." (Hoffower Dep., Ex. B, 95:11-22, 130:22-131:7, 131:22-132:1, 135:7-136:1, 139:4-18; Hoffower's Answers to Requests to Admit, Ex. D, ¶¶ 1-9; Hoffower's Supplemental Answers to Interrogatories, Ex. E, ¶ 14).

   a.  **RESPONSE:** Plaintiff admits in part and disputes in part. Plaintiff admits that she and her employers publicly posted certain of her information that can appear on the Seamless platform, and Dkts. 141-2 (Ex. B), 141-4 (Ex. D), and 141-5 (Ex. E) speak for themselves. Plaintiff disputes three assertions above. <u>First</u>, Plaintiff disputes that "all of her information" that can appear on the Seamless platform was posted elsewhere on the internet

and Seamless provides no citation for this statement. Seamless's "███████

████████████████████████████████████████████

████████████████████████████████████████." Dkt. 141-7 (Ex. G) (Demming Tr. at 32:6-9 ("████████████

████████████████████████████████████████

████████████████████████"); *see also id.* at 15:20 ("██████████████████████"), 84:23-85:2); Dkt. 105-5 at 24 (Class Cert. Ex. 34)[2]. These data points include ███████

████████████████████████████████████████

████████████████████████████████████

██████████████████████. Dkt. 141-13 (Ex. M) (Seamless's First Supplemental Answer to Interrogatory No. 1); Dkt. 141-8 (Ex. H) (Floyd Tr. at 24:6-18, 28:3 (███████████████████

██████████████████), 29:1-7, 144:16-147:13). Second, Plaintiff disputes a citation error: there is no paragraph 14 in Dkt. 141-5 (Ex. E), and Plaintiff instead interprets this to cite Plaintiff's response to Interrogatory Number 14, which speaks for itself. Third, Plaintiff disputes a citation error: there are multiple paragraph sets in Dkt 141-4 (Ex. D), and Plaintiff instead interprets "Hoffower's Answers to Requests to Admit, Ex. D, ¶¶ 1-9" to cite to Plaintiff's responses to Request Nos. 1-9, which speak for themselves.

---

[2] Plaintiff's class certification exhibits are filed under seal without redactions and slipsheets at Dkt. 103.

7.     Plaintiff's name, business information, and contact information appear on various websites with her consent, including the Illinois Department of Financial and Professional Regulation, Oak Brook Counseling & Wellness (her prior employer), Psychology Today, Facebook, Grow Therapy, LinkedIn, Therapy Den, and Zocdoc. (Hoffower's Answers to Requests to Admit, Ex. D, ¶¶ 1-9; Hoffower Dep., Ex. B, 57:1-60:3, 62:2-6, 72:9-73:4, 74: 13-17, 82:23-84:13, 102:11-103:7, 106:21-107:2, 116:17-117:4, 117:17-118:24, 125:3-9, 129:1-12, 130:22-131:7, 132:22-133:1, 134:10-136:1, 138:6-139:18, 221:16-223:16; Hoffower's Supplemental Answers to Interrogatories, Ex. E, ¶ 14).

> a.  **RESPONSE:** Plaintiff admits in part and disputes in part. Plaintiff admits that her name, title, current and former employer name, current and former employer address and phone, personal address and phone have appeared on certain websites with Plaintiff's consent and Dkts. 141-2 (Ex. B), 141-4 (Ex. D), and 141-5 (Ex. E) speak for themselves. Plaintiff disputes two assertions above. First, Plaintiff disputes that "business information" has any specific meaning in the context of this case. Second, Plaintiff disputes a citation error: there is no paragraph 14 in Dkt. 141-5 (Ex. E), and Plaintiff instead interprets this to cite Plaintiff's response to Interrogatory Number 14, which speaks for itself.

**B.     The Seamless Platform**

8.     Seamless is a platform that allows business professionals to use a real-time search engine to seek information about other businesses and business professionals. (Demming Dep., Ex. G, 13:19-14:2, 15:7-17; Floyd Dep., Ex. H, 19:6-12; Hopkins Dep., Ex. I, 19:25-20:25; Hoffower Dep., Ex. B, 158:8-10).

    a. **RESPONSE:** Plaintiff admits.

9.    Seamless' platform went live in 2017. (Demming Dep., Ex. G, 144:2-5). ████

████████████████████████████████████████ (Floyd Dep., Ex. H, 142:3-5; Demming

Dep., Ex. G, 143:7-25).

    a. **RESPONSE:** Plaintiff admits in part and disputes in part. Plaintiff admits

        the platform went live in 2017 and Dkts. 141-7 (Ex. G) and 141-8 (Ex. H)

        speak for themselves. Plaintiff disputes that "████████████████

        ████████████████████." Dkt. 141-8 (Ex. H) (Floyd Tr.

        at 142:6-143:12) (discussing the ██████████████████

        ████████████████████); Dkt. 141-7 (Ex. G)

        (Demming Tr. at 144:6-145:4) (discussing the ██████████████

        ██████████ since 2017).

10.    ██████████████████████████████████████

████████████████████████████████████████████

(Demming Dep., Ex. G, 40:8-17, 63:18-25, 72:16-18, 84:20-22, 95:13-17, 103:1-20; Naaman

Dep., Ex. J, 11:5-15; Hoffower Dep., Ex. B, 190:10-191:24).

    a. **RESPONSE:** Plaintiff disputes. Dkts. 141-7 (Ex. G), 141-10 (Ex. J), and

        141-2 (Ex. B) speak for themselves. Though Seamless utilizes an

        ██████████████████████, Dkt. 141-7 (Ex. G) (Demming

        Tr. at 28:1-8), Seamless does "store, collect, [and] keep data about []

        individuals." "████████████████████████████

        ██████████." Dkt. 141-13 (Ex. M) (Seamless's First Supplement

        Answer to Interrogatory No. 1). ██████████████████████



Dkt. 135-2 at 116:2-24. If a search is performed using filters, such as by state, *see* Dkt. 105-3 at 8 (Class Cert. Ex. 16), Dkt. 105-3 at 10 (Class Cert. Ex. 17), Seamless ██████████████ . Dkt. 135-1 at 32:12-33:6, 194:14-21; Dkt. 135-2 at 106:3-21, 109:18-110:12. Seamless does not ██████████████ *Id.* ██████████ . Dkt. 141-8 (Ex. H) (Floyd Tr. at 112:1-12).

11.    The Seamless platform provides a search engine that utilizes a proprietary algorithm ██████████████████████████ (Demming Dep., Ex. G, 15:18-21, 27:25-30:3, 32:2-10; Naaman Dep., Ex. J, 11:5-15; Floyd Dep., Ex. H, 19:6-18, 29:1-21, 30:2-12, 31:8-15).

    a.  **RESPONSE:** Plaintiff admits in part and disputes in part. Plaintiff disputes that "██████████████" is all that the algorithm searches. Seamless's "██████████ ██████████████ ██████████." Dkt. 141-7 (Ex. G) (Demming Tr. at 32:6-9 ("██████████ ██████████████ ██████████"); *see also id.* at 15:20 ("█



"), 84:23-85:2, 92:18-93:7);

Dkt. 105-5 at 24 (Class Cert. Ex. 34)[3]. These data points include ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 141-13 (Ex. M)

(Seamless's First Supplement Answer to Interrogatory No. 1); Dkt. 141-7

(Ex. G) (Demming Tr. at 91:7-93:17) ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮."); Dkt. 141-8 (Ex. H) (Floyd Tr. at 24:6-18,

28:3 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮), 29:1-7, 144:16-147:13). Plaintiff admits the remainder.

12.     Search criteria are entered by the customer and the platform then searches from available internet sources and returns a list of responsive businesses and business professionals. If the customer wishes to see information beyond the name of the business or individual, they must click the "find" button, which uses 1 credit. (PL-HOFFOWER_000007, Ex. K; Demming Dep., Ex. G, 23:3-19, 34:6-17, 194:7-13; Hopkins Dep., Ex. I, 76:12-14, 77:15-78:3, 79:6-12; Floyd Dep., Ex. H, 42:8-43:7, 119:15-16). After clicking "find" on a business or individual, a customer will then see information which may, depending on the results of the real-time search, include job titles, business email addresses and business phone numbers. (PL-HOFFOWER_000008, Ex. L; Demming Dep., Ex. G, 21:19-22:22, 23:20-25:4, 33:7-17, 129:3-25).

   a. **RESPONSE:** Plaintiff admits in part and disputes in part. Plaintiff admits
      that "[s]earch criteria are entered by the customer [and the platform]

---

[3] Dkt. 103-5 at 41 (Under Seal)

returns a list." Plaintiff disputes that "the platform then searches from available internet sources." Seamless's "███████████████████ ████████████████████████████████████████ ███████████████████████████." Dkt. 141-7 (Ex. G) (Demming Tr. at 32:6-9 ("████████████████████████ ████████████████████████████████████████ ████████████████████████"); *see also id.* at 15:20 ("█ ████████████████████████████████"), 84:23-85:2); Dkt. 105-5 at 24 (Class Cert. Ex. 34)[4]. These data points include ████████████ ████████████████████████████████████████ ██████████████████████████████████ ███████████████████████. Dkt. 141-13 (Ex. M) (Seamless's First Supplemental Answer to Interrogatory No. 1); Dkt. 141-8 (Ex. H) (Floyd Tr. at 24:6-18, 28:3 (████████████████████████████ ████████████████), 29:1-7, 144:16-147:13). Plaintiff disputes that "responsive" information is always shown. *See* Dkt. 135 at 21; Dkt. 105-4 at 6 (Class Cert. Ex. 24); Dkt. 105-4 at 9 (Class Cert. Ex. 26). Plaintiff disputes that "[i]f the customer wishes to see information beyond the name of the business or individual, they must click the "find" button." As displayed in Dkt. 105-3 at 8 (Class Cert Ex. 16), ████████████████ ████████████████████████████████████████ ██████████████. *See also* Dkt. 141-13 (Ex. M) (Seamless's First



---

[4] Dkt. 103-5 at 41 (Under Seal)

Supplemental Answer to Interrogatory No. 9) (discussing 

). After clicking the find button, information found by the algorithm is populated into the template shown in Dkt. 105-4 at 3 (Class Cert Ex. 22), and includes contact information found by the algorithm, Dkt. 141-7 (Ex. G) (Demming Tr. 21:23-22:18). *See also* Dkt. 141-13 (Ex. M) (Seamless's First Supplemental Answer to Interrogatory No. 9) (discussing

, etc.). Plaintiff admits that "click[ing] the "find" button [] uses 1 credit." Plaintiff disputes that the algorithm shows only "business email addresses and business phone numbers," as

. Dkt. 141-7 (Ex. G) (Demming Tr. at 168:20-170:7). Plaintiff admits the remainder.

13. The information returned by the Seamless platform is business contact information, not personal information such as home addresses, personal cell phone numbers, or personal email addresses. (Hopkins Dep., Ex. I, 19:25-20:25, 96:7-9; Naaman Dep., Ex. J, 41:8-42:3). The only occasion where home addresses, personal cell phone numbers, or personal email addresses may appear in a search would be if an individual utilizes them for both personal and business use. (Demming Dep., Ex. G, 169:8-170:7; Naaman Dep., Ex. J, 41:8-42:3, 49:1-17).

    a.  **RESPONSE:** Plaintiff disputes "[t]he information returned by the Seamless platform is business contact information, not personal information such as home addresses, personal cell phone numbers, or personal email addresses." ████████████████████████ ████████████████████████████████████ ████████████. Dkt. 141-7 (Ex. G) (Demming Tr. at 168:20-170:7).

14.    The Seamless platform does not display photographs of any person. (Demming Dep., Ex. G, 138:21-23).

    a.  **RESPONSE:** Plaintiff admits.

15.    Seamless primarily advertises its platform on its website, seamless.ai.com, on which Seamless' advertisements include only fictitious contact profiles and do not identify or use identifying information of any real people. (Hopkins Dep., Ex. I, 104:5-8, 110:3-10; Demming Dep., Ex. G, 208:17-209:6). Seamless also sends customers advertising emails which do not identify or contain identifying information about any business or individual. (Hopkins Dep., Ex. I, 110:3-10). Seamless does not identify or use contact information about any business or individual in any form of advertising. (Hopkins Dep., Ex. I, 104:5-8).

    a.  **RESPONSE:** Plaintiff admits in part and disputes in part. Plaintiff disputes that "seamless.ai.com" is Seamless's website. See Dkt. 141-8 (Ex. H) (Floyd Tr. at 17) (www.seamless.ai is the URL of Seamless's website). Plaintiff admits that the profiles, people, and information on its website, www.seamless.ai, before any customer logs into the platform, are fictitious. Dkt. 141-7 (Ex. G) (Demming Tr. at 208:17-209:6). Plaintiff admits "Seamless also sends customers advertising emails which do not

identify or contain identifying information about any business or
individual." Plaintiff disputes how "Seamless primarily advertises its
platform" and that "Seamless does not identify or use contact information
about any business or individual in any form of advertising." Dkt. 1;
Dkt. 37.

16.     Every customer who registers for Seamless is automatically provided with 50
credits per month which can be used to conduct searches and "find" information regarding the
businesses and/or business professionals returned in a search. (Demming Dep., Ex. G, 18:15-19:8,
20:4-11, 113:11-25; Hopkins Dep., Ex. I, 28:2-10, 29:15-16, 34:7-13; Floyd Dep., Ex. H, 38:4-7).

    a. **RESPONSE:** Plaintiff admits in part and disputes in part. Plaintiff admits
that "[e]very customer who registers for Seamless is automatically
provided with [] credits per month." Plaintiff admits that credits are used
to conduct searches (that return and display a search results list) and "find"
information. Dkt. 141-9 (Ex. I) (Hopkins Tr. at 77:25-78:3); Dkt. 141-8
(Ex. H) (Floyd Tr. at 32:25-33:12). Plaintiff disputes that 50 credits are
always provided for free each month to a free customer. Dkt. 105-2 at 11
(Class Cert. Ex. 7); Dkt. 141-9 (Ex. I) (Hopkins Tr. at 30-31). ▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 141-9
(Ex. I) (Hopkins Tr. at 30-31); Dkt. 141-8 (Ex. H) (Floyd Tr. at 81). ▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮ Dkt. 105-2 at 13 (Class Cert. Ex. 9);
Dkt. 105-2 at 14 (Class Cert Ex. 10); Dkt. 141-9 (Ex. I) (Hopkins Tr. at 37,



40, 41-42, 49, 72); Dkt. 141-8 (Ex. H) (Floyd Tr. at 145, 147); Dkt. 141-7 (Ex. G) (Demming Tr. at 189). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 141-9 (Ex. I) (Hopkins Tr. at 34, 60-62); Dkt. 141-7 (Ex. G) (Demming Tr. at 18-19, 113, 115). ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Dkt. 141-7 (Ex. G) (Demming Tr. at 20); Dkt. 105-2 at 10 (Class Cert Ex. 6) ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇").

17.     ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Demming Dep., Ex. G, 17:17-18:1; Hopkins Dep., Ex. I, 61:23-62:7, 113:11-25).

    a.  **RESPONSE:** Plaintiff disputes. ▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇. Dkt. 141-7 (Ex. G) (Demming Tr. at 17:23-19:2); *see also* Dkt. 141-9 (Ex. I) (Hopkins Tr. at 61:23-62:7).

18.     Seamless customers have the option to purchase a subscription for a monthly fee that provides them with a larger number of monthly or daily credits. (Demming Dep., Ex. G, 20:12-16).

    a.  **RESPONSE:** Plaintiff admits in part and disputes in part. Plaintiff admits Seamless customers have the option to purchase a subscription for a fee. Plaintiff disputes that the cited deposition testimony stands for the assertion and Dkt. 141-7 (Ex. G) speaks for itself. Plaintiff disputes that a purchase of a subscription will always "provide[] them with a larger number of monthly or daily credits." ▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 141-9 (Ex. I) (Hopkins Tr. at 92:18-21, 93:17-24, 94:6-22). There are

four subscription tiers (Free, Basic, Pro, and Enterprise) which offer

different features. Dkt. 105-2 at 10 (Class Cert. Ex. 6). "█████████████

████████████████████████████████████████████████"

Dkt. 141-7 (Ex. G) (Demming Tr. at 20:17-21.)

19.     All customers – including free customers – have full, unrestricted access to the

platform and all of its functionality. This means that if a customer has credits available, use of

those credits will allow them to perform a search and click "find" on a business or individual to

view all available information returned by the search engine about that business or individual. The

single difference between a free and paid customer is the number of monthly credits available.

(Demming Dep., Ex. G, 18:10-13, 21:6-18, 51:2-5, 130:10-17; Hopkins Dep., Ex. I, 29:10-14,

31:11-13, 32:23-25, 33:12-14, 75:15-18; Seamless' Second Supplemental Answers to

Interrogatories, Ex. M, ¶ 3).

    a.   **RESPONSE:** Plaintiff disputes. Free customers do not have full,

unrestricted access; free customers do not have access to more than █

████████████ (generally). *See* ¶16, *supra*. Free customers do not have

access to ████████████████████. Dkt. 141-9 (Ex. I)

(Hopkins Tr. at 82:20-84:19); Dkt. 105-3 at 3 (Class Cert. Ex. 13). Free

customers do not have access to ██████ Dkt. 105-3 at 3 (Class Cert.

Ex. 13). Free customers do not have access to ██████████████ or

██████ and they also have limited access to ██████████ Dkt. 105-4

at 9 (Class Cert. Ex. 26); Dkt. 141-9 (Ex. I) (Hopkins Tr. at 79:19-80:15).

Free customers also have limited access to ██████████ Dkt. 105-3 at 6

(Class Cert. Ex. 15). Plaintiff admits that "if a customer has credits

available, use of those credits will allow them to perform a search and click 'find.'" Finally, Plaintiff disputes a citation error: there is no paragraph 3 in Dkt. 141-13 (Ex. M), and Plaintiff instead interprets this to cite Seamless's Second Supplement Answer to Interrogatory Number 3, which speaks for itself.

20.     The Seamless platform does not utilize any form of "preview" that teases partial information about a particular business or individual; when any customer (free or paid) clicks "find," all of the available information returned from the real-time search is shown. (Demming Dep., Ex. G, 18:10-13, 21:6-18, 51:2-5, 130:10-17; Hopkins Dep., Ex. I, 29:10-14, 31:11-13, 32:23-25, 33:12-14, 75:15-18; Seamless' Second Supplemental Answers to Interrogatories, Ex. M, ¶ 3).

    a.  **RESPONSE:** Plaintiff admits in part and disputes in part. Plaintiff disputes that "[t]he Seamless platform does not utilize any form of "preview" that teases partial information about a particular business or individual." Dkt. 1; Dkt. 37. As displayed in Dkt. 105-3 at 8 (Class Cert Ex. 16), ███████████████████████████████ ████████████████████████████████████ ███████████████████████████. *See also* Dkt. 141-13 (Ex. M) (Seamless's First Supplemental Answer to Interrogatory No. 9) (discussing ███████████████████████ ████████████████████████). Plaintiff admits "when any customer (free or paid) clicks "find," all of the available information returned from the real-time search is shown"—after clicking the find

15

button, information found by the algorithm is populated into the template

shown in Dkt. 105-4 at 3 (Class Cert Ex. 22), and includes contact

information found by the algorithm, Dkt. 141-7 (Ex. G) (Demming Tr.

at 21:23-22:18). *See also* Dkt. 141-13 (Ex. M) (Seamless's First

Supplemental Answer to Interrogatory No. 9) (discussing ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████, etc.). Finally, Plaintiff disputes a citation error:

there is no paragraph 3 in Dkt. 141-13 (Ex. M), and Plaintiff instead

interprets this to cite Seamless's Second Supplement Answer to

Interrogatory Number 3, which speaks for itself.

21.     When a customer (free or paid) attempts to perform a search or clicks "find" after

having exhausted their credits, they are given the option to obtain additional credits, including by

purchasing a subscription. (Floyd Dep., Ex. H, 38:1-14, 39:6-9, Exhibit 25 thereto; Hopkins Dep.,

Ex. I, 39:15-41:6, 48:4-19).

        a.  **RESPONSE:** Plaintiff admits.

22.     ████████████████████████████████████████████████████

████████████████  (Floyd Dep., Ex. H, 70:14-71:24; Demming Dep., Ex. G, 167:7-21).

        a.  **RESPONSE:** Plaintiff disputes. Seamless's citations do not support this

statement, but Plaintiff admits Seamless states, "you may have the right to

access, correct, object, or delete your personal data. You may use our

Personal Information Request Portal to access, correct, or delete your

personal data. You may also contact us using the information in the

"Contact Us" section at the end of this Privacy Policy." Seamless.AI

Privacy Policy, *available at* https://seamless.ai/policies/privacy-

policy#otnotice-section-5a48c280-2bf2-4d02-9336-6762ae7a66eb (last

accessed April 7, 2024).

23. Plaintiff has never requested that her information be excluded from search results

on the Seamless platform. (Hoffower's Supplemental Answers to Interrogatories, Ex. E, ¶ 9).

      a. **RESPONSE:** Plaintiff disputes. First, there is a citation error: there is no

          paragraph 9 in Dkt. 141-5 (Ex. E), and Plaintiff instead interprets this to

          cite Plaintiff's response to Interrogatory Number 9, which speaks for

          itself. Second, Plaintiff's response to Interrogatory Number 9 reads,

          "Plaintiff has never visited www.seamless.ai."

**C.**     **Use of Plaintiff's Information**

24. In her answers to requests to admit, answers to interrogatories, and in her

deposition, Plaintiff admits that she is not aware of any person who has searched for or viewed her

information on the Seamless platform other than her attorney. (Answers to Requests to Admit, Ex.

D, ¶¶ 10-11; Hoffower's Supplemental Answers to Interrogatories, Ex. E, ¶ 10; Hoffower Dep.,

Ex. B, 167:5-12, 181:13-15, 196:5-11, 206:21-23). Plaintiff has no evidence that any person other

than her attorney has ever searched for or viewed her information on the Seamless platform. (Id.).

      a. **RESPONSE:** Plaintiff admits in part and disputes in part. Dkt. 141-4

          (Ex. D), Dkt. 141-2 (Ex. B), and Dkt. 141-5 (Ex. E) speak for themselves.

          First, Plaintiff disputes a citation error: there are multiple paragraph 10s in

          Dkt. 141-5 (Ex. E), and Plaintiff instead interprets "Hoffower's

          Supplemental Answers to Interrogatories, Ex. E, ¶ 10" to cite to Plaintiff's

response to Interrogatory Number 10, which speaks for itself. Second, Plaintiff disputes a citation error: there are multiple paragraph sets in Dkt. 141-4 (Ex. D), and Plaintiff instead interprets "Answers to Requests to Admit, Ex. D, ¶¶ 10-11" to cite to Plaintiff's responses to Request Nos. 10-11, which speaks for itself. Plaintiff "[a]dmit[s] that [she is] not aware of any person, other than [her] counsel or their agents and employees, who has viewed [her] name, photograph, or professional contact information on Seamless's website." Dkt. 141-4 (Ex. D) (Plaintiff's response to Request No. 11). The parties admit and agree that Ben Osborn is the only person to have searched for "Kate Hoffower" by name. Dkt. 135 at 4; Dkt. 104 at n.8. Plaintiff disputes that she has "no evidence that any person other than her attorney has ever searched for [] her information on the Seamless platform." In Plaintiff's motion to compel, Dkt. 63, she sought data from both ███████████ ██████████████████. Dkt. 135-2 at 116:2-24; *see also* Dkt. 75 at 5; Dkt. 97 at 2. If a search is performed using filters, such as by state, *see* Dkt. 105-3 at 8 (Class Cert. Ex. 16), Dkt. 105-3 at 10 (Class Cert. Ex. 17), ████████████████████████. Dkt. 135-1 at 32:12-33:6, 194:14-21; Dkt. 135-2 at 106:3-21, 109:18-110:12. Seamless promised "it would not object to running [this] query at a later time, even if it was requested after query discovery closed." Dkt. 149-1 (Resch Decl. ¶4); Dkt. 97 at 2. On February 29, 2024, Plaintiff requested this search be performed.

Dkt. 149-1 (Resch Decl. ¶4). Seamless responded on March 25, 2024, refusing to perform this search. *Id*.

25.    Seamless, through its Chief Architect Offer, Austin Floyd, conducted an investigation using the platform to determine whether any customer had ever searched for and/or viewed Plaintiff's identifying information on the Seamless platform. (Floyd Dep., Ex. H, 12:17-18, 106:3-21).

    a.  **RESPONSE:** Plaintiff admits in part and disputes in part. Plaintiff admits that Austin Floyd is Seamless's Chief Architect Officer. Plaintiff disputes that Mr. Floyd "conducted an investigation using the platform to determine whether any customer had ever searched for and/or viewed Plaintiff's identifying information on the Seamless platform." Dkt. 141-8 (Ex. H) (Floyd Tr. at 106:3-110:22) speaks for itself. Mr. Floyd "████ ████████████████████████████████████████████." Dkt. 141-8 (Ex. H) (Floyd Tr. at 106:3-10). Mr. Floyd ran this query in the "████████████," *id*. at 11-13, in the ███████████, *id*. at 16-21. Instead, Mr. Floyd only knew whether a customer "████████ ████████." *Id*. at 110:15-22.

26.    ████████████████████████████████████████ ████████████████████████████████ (Floyd Dep., Ex. H, 109:18-110:22, 111:22-112:23, 113:16-19, 116:2-117:9). ████████████████ the only customer to ever search for and "find" Plaintiff's alleged identifying information was her (now former) attorney, Ben Osborn, just before this lawsuit was filed. (Floyd Dep., Ex. H, 106:3-21).

a. **RESPONSE:** Plaintiff disputes. ███████████████████

███████████████████ ("whenever a customer runs a search with

specific filters") ███████████████ ("presses the "find" button

on a particular business or individual"). Dkt. 135-2 at 116:2-24. If a search

is performed using filters, such as by state, *see* Dkt. 105-3 at 8 (Class Cert.

Ex. 16), Dkt. 105-3 at 10 (Class Cert. Ex. 17), Seamless s███████████

███████████████████. Dkt. 135-1 at 32:12-33:6, 194:14-

21; Dkt. 135-2 at 106:3-21, 109:18-110:12. Seamless does not ████████

███████████████████████

██ *Id.* ████████████████████

███████████████████████

███████████████████

███████████████. Dkt. 141-8 (Ex. H)

(Floyd Tr. at 112:1-12). The ██████████ showed that the only

customer to ever search for "Kate Hoffower" by name, Dkt. 141-8 (Ex. H)

(Floyd Tr. at 106:3-110:22), was her former attorney Ben Osborn

sometime prior to February 7, 2022, Dkt. 97 at 4. The █████████

██, which was produced in part and in response to this Court's order

compelling Seamless to respond to Interrogatory No. 21 and Request

No. 26, *see* Dkt. 105-4 at 41 (Class Cert. Ex. 28) (Seamless's responses to

Interrogatory No. 21 and Request No. 26), may possibly show, subject to

all of Seamless's caveats, *id.* at *3-5, that no free customer who later

became a paying customer clicked the "find" button on Plaintiff's

information to add her to their My Contacts List, *id.* at *1. In Plaintiff's motion to compel, Dkt. 63, she also sought data from ▉▉▉▉▉▉▉▉ ▉▉▉▉. Dkt. 135-2 at 116:2-24; *see also* Dkt. 75 at 5; Dkt. 97 at 2. If a search is performed using filters, such as by state, *see* Dkt. 105-3 at 8 (Class Cert. Ex. 16), ▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Dkt. 135-1 at 32:12-33:6, 194:14-21; Dkt. 135-2 at 106:3-21, 109:18-110:12. Seamless promised "it would not object to running [this] query at a later time, even if it was requested after query discovery closed." Dkt. 149-1 (Resch Decl. ¶4); Dkt. 97 at 2. On February 29, 2024, Plaintiff requested this search be performed. Dkt. 149-1 (Resch Decl. ¶4). Seamless responded on March 25, 2024, refusing to perform this search. *Id.*

27. Mr. Osborn took screenshots of the search results he obtained using the Seamless platform. (Hoffower's Supplemental Answers to Interrogatories, Ex. E, ¶ 8).

    a. **RESPONSE:** Plaintiff disputes. First, Plaintiff disputes a citation error: there is no paragraph 8 in Dkt. 141-5 (Ex. E), and Plaintiff instead interprets this to cite Plaintiff's response to Interrogatory Number 8, which speaks for itself. Second, in response to Interrogatory No. 8, Plaintiff responded that "Plaintiff's counsel took the screenshots contained in the Complaint." Dkt 141-5 (Ex. E) (Plaintiff's Answer to Interrogatory No. 8).

Dated: April 12, 2024             Respectfully Submitted,

                  By: */s/ Brittany Resch*
                      Brittany Resch
                      Raina C. Borrelli
                      Samuel J. Strauss
                      TURKE & STRAUSS LLP

613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
brittanyr@turkestrauss.com
raina@turkestrauss.com
sam@turkestrauss.com

Michael F. Ram (*pro hac vice*)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923
mram@forthepeople.com

Shelby Serig (*pro hac vice*)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
501 Riverside Ave., Suite 1200
Jacksonville, FL 32002
Telephone: (904) 330-3819
sserig@forthepeople.com

*Attorneys for Plaintiff and the Proposed Class*

**<u>CERTIFICATE OF SERVICE</u>**

I, Brittany Resch, hereby certify that on April 12, 2024, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to counsel of record via the ECF system.

DATED this 12th day of April, 2024.

TURKE & STRAUSS LLP

By: */s/ Brittany Resch*
    Brittany Resch
    brittanyr@turkestrauss.com
    TURKE & STRAUSS LLP
    613 Williamson St., Suite 201
    Madison, WI 53703
    Telephone: (608) 237-1775
    Facsimile: (608) 509-4423