UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATE HOFFOWER, on behalf of herself and all others similarly situated, | Case No. 1:22-cv-02079 |
| Plaintiff, | Judge Matthew F. Kennelly |
| v. | |
| SEAMLESS CONTACTS INC., a Delaware Corporation, | |
| Defendant. | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

The Court's May 24, 2024[1] Memorandum Opinion and Order (the "Order") granting Defendant Seamless Contacts Inc.'s summary judgment motion hinges on whether Plaintiff ever appeared on Seamless's website. Plaintiff demanded that information in discovery, the Court ordered Seamless to produce it, and Seamless then withheld it anyway, claiming its absence in the record justified summary judgment—and that absence led the Court to grant Seamless's motion. This is unjust. As a result, Plaintiff moves the Court to reconsider its order granting summary judgment and order Seamless to produce the evidence it withheld.

Plaintiff did not sit on her rights when pursuing this information. In July 2023, Plaintiff moved to compel Seamless to produce information related to search queries on its site. Dkt. 65/66. As the Order recognizes, whether Plaintiff's information appeared on Seamless's website is core to her claim, and the query results would reveal that evidence. Thus, the Court ordered Seamless

---

[1] Though the Court issued the memorandum opinion and order on May 24, 2024, because the order was filed under seal by the Court, no party could access it until the late morning of May 25, 2024.

1

to produce the data, triggering a meet and confer process between the parties on Seamless's production. *See, e.g.*, Dkts. 68, 75, 94, 97, 99. The parties agreed that Seamless would produce the results of one query (identifying contact profiles saved to a user's My Contacts) and not the other (identifying search filters using Illinois as a field), but would produce those query results in the future, if requested by Plaintiff, even if it was requested after discovery closed. *See* Dkt. 97; Dkt. 149-1/151; Dkt. 159/164. But Defendant reneged on that agreement and, instead, relied on the absence of that query discovery as the basis for its summary judgment motion, all while Plaintiff was barred from accessing the website at issue, www.seamless.ai. *See* Dkt. 97.

In its Order, this Court misinterpreted the importance of the withheld query information because the Order assumes that people use the Seamless website by searching for individuals by name only. The parties agree that is an incorrect understanding of how Seamless's platform works, and instead agree it works by searching for and building lists of people in certain industries and geographies. *See* https://help.seamless.ai/s/article/Seamless-AI-Industry-List; Dkts. 157/161, 168/170. That information exists, but Seamless never produced it.

As a result, Plaintiff Kate Hoffower seeks reconsideration under Rule 54(b) of the Order, decided without a hearing, granting Seamless's motion for summary judgment and denying, as moot and presumably without prejudice, Plaintiff's motion for class certification.[2] Plaintiff was improperly denied the right to conduct further discovery under Fed. R. Civ. P. 56(d) or allowed leave and time to amend her complaint to substitute another named plaintiff. *Smith v. OSF Healthcare Sys.*, 933 F.3d 859, 861 (7th Cir. 2019).

---

[2] Plaintiff's motion for class certification and Defendant's motion for summary judgment were fully briefed and pending at the same time.

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) permits a district court to revise a non-final order at any time before entering judgment. A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996). Rather, "a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011*), overruled in part on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Motions for reconsideration serve a limited purpose: "to correct manifest errors of law or fact." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted).

II. **ARGUMENT**

A. **Plaintiff's Rule 56(d) request should have been granted**

With her opposition to Defendant's motion for summary judgment, Plaintiff submitted an affidavit under Rule 56(d), Dkt. 159/164, and in her memorandum specifically requested that the Court "compel Seamless to produce the requested information or disallow Seamless from [relying] on the missing information," Dkt. 156/160 at n.3, 6-7. The information Plaintiff needed to respond, which only became apparent after reading Seamless's summary judgment motion, was the second set of query discovery ordered by this Court last fall: "Second, Plaintiff wants to know how many searches were run with Illinois as a filter on the Seamless platform from April 2021 to present. Seamless represented it would not object to running this query at a later time, even after fact

3

discovery closes, given its focus on the first query and pulling that data." Dkt. 97 at 2. It is undisputed that Seamless tracks the searches and filters used, and if Seamless had disclosed that any searches had been run using "Illinois" as a filter, Plaintiff would have requested the specific parameters of those searches. Thus, this information would have shown who has been held out in a search result and their information used for a commercial purpose. If this is now the information on which Plaintiff's claims hinge, Plaintiff should be allowed to probe and test the veracity of Seamless's statements and data on this point.

Not only did Seamless rely on the absence of the missing information, but the Order also did as well, despite the Court's order requiring production of the query discovery and Plaintiff specifically requesting it (both from Defendant and from the Court). Dkt. 99 ("Deadline for the defendant to produce further information regarding the plaintiff's interrogatory 21 and request for production 26 is 10/20/2023."). This absence of evidence was the key missing piece on which the Order relied in its decision finding that Plaintiff's information had not been used or held out. *Cf.* Order at 7-8. Under Rule 56(d), Plaintiff is entitled to that additional discovery, having shown a specific reason (*i.e.*, Defendant simply refusing to produce it) why she cannot present facts to justify her opposition without it. *See* Fed. R. Civ. P. 56(d). A party cannot withhold evidence in one hand and then argue there is no genuine dispute as to *that same material fact* in the other. But, this is exactly what Seamless did.

Rule 56(d) matters. It provides that, when facts are unavailable to the nonmovant, "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Indeed, it is an abuse of discretion to

4

ignore the request for the missing information when a party thinks it may enable them to defeat a summary judgment motion. *See Smith v. OSF Healthcare Sys.*, 933 F.3d 859, 861 (7th Cir. 2019) (district court abused its discretion in granting summary judgment despite the claimant's Fed. R. Civ. P. 56(d) motion for additional discovery). Rule 56(d) states "the court may" defer "issue any other appropriate order," Fed. R. Civ. P. 56(d), but the Order is not appropriate because it did not even consider Plaintiff's Rule 56(d) request (Dkt. 156/160 at n.3, 6-7) and affidavit (Dkt. 159/164), and it granted the motion for the exact reason that Plaintiff presented no evidence her information was held out, which the withheld evidence likely would have shown.

Plaintiff met her burden to substantiate her need for this information. Dkt. 149/150 at 1-2, 10-11; Dkt. 156/160 at 6-9; Dkt. 159/164 at ¶2 ("Plaintiff cannot present facts essential to justify her opposition to Seamless's motion for summary judgment as to whether Plaintiff's identity (1) ever appeared in a search results list, (2) was saved to a My Contacts List, or (3) was otherwise viewed on the Seamless platform."), ¶15 ("Without reliable results from this query, Plaintiff is unable to oppose Seamless's factual assertion that Plaintiff's identity and information has never been viewed and/or saved to a free customer's My Contacts List by anyone other than Ben Osborn."); *cf. Alicea v. Cnty. of Cook*, 88 F.4th 1209, 1219 (7th Cir. 2023) ("Indeed, the declaration must not only explain why the party has not been able to obtain requested discovery but also the import of that discovery to 'facts essential to justify its opposition.'") (citing Fed. R. Civ. P. 56(d)). And, as this Court recalls, Plaintiff moved to compel this exact information for the purpose of showing class membership and liability. Dkts. 66 ("Plaintiff needs the requested information to prepare her Motion for Class Certification, currently due in one month on August 25, 2023, and to support her case and prepare for trial."), 94, 97. In fact, the Court granted that motion and ordered Seamless to provide the query discovery. Dkt. 99. There was an agreement among the parties that

5

this information would be produced later, if requested by Plaintiff. Dkt. 151/Dkt. 149-1 at ¶4; Dkt. 97 at 2. Defendant reneged on that agreement and then relied on the absence of that information to seek summary judgment. Plaintiff has diligently pursued this discovery and specifically requested it in her motion—her request should have been granted and additional time given to receive and review that discovery to support Plaintiff's motion for class certification and to oppose Defendant's motion for summary judgment. *See, e.g., Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (noting that summary judgment is disfavored if discovery is incomplete: "summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim"); *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (request for additional time to conduct discovery should be granted "almost as a matter of course" when court learns the "diligent efforts to obtain evidence from the moving party have been unsuccessful").

Plaintiff requests the Court reconsider its Order, again compel Defendant to produce the missing query discovery, and permit that discovery to be put in the record.

### B. The Order misunderstands key points requiring clarification

First, the Order seems to misunderstand Plaintiff's argument with respect to the missing and requested evidence. While Plaintiff agrees that only Plaintiff's former lawyer searched for Plaintiff **by name**, *see* Dkt. 168/170 at ¶1 ("no other person had ever searched for Hoffower"), only Seamless knows whether Plaintiff's contact profile appeared in a search result list (such as in response to a search for "mental health care" professionals located in Illinois, for example, *see* https://help.seamless.ai/s/article/Seamless-AI-Industry-List) and was thus held out under IRPA. *Cf.* Order at 12-13 (Court agrees "no reasonable jury could find [Seamless] used or held out Hoffower's identity" when only her former lawyer searched for her name on the platform). To be

clear, "there is **no evidence** that the Seamless platform displayed Hoffower's information at any time other than the single instance when her then attorney searched her name on the Seamless website," Order at 13 (emphasis added), *see also* Order at 14 ("Based on the evidence in the record, it is impossible to determine that Hoffower's identifying information ever appeared in a prior search result."), **because Seamless has refused to produce any information which may challenge that assumption**. Notably, Seamless does not contend that Plaintiff Hoffower's contact profile could *never* have appeared on its website before her exact name was searched for, nor does it contend that Seamless did not have the *ability or information* to return her contact profile in response to a more general search (such as "mental health care" professionals located in Illinois) using the filters offered on its website. On a motion for summary judgment, the Court must construe all facts and reasonable inferences in Plaintiff's favor, Order at 7-8, but here it explicitly cut against her and refused to order the production of the very information that could create a genuine dispute of an undisputedly-material fact. *Cf. Neurografix, Neurography Inst. Med. Assocs. v. Brainlab, Inc.*, No. 12 C 6075, 2020 U.S. Dist. LEXIS 32567, at *6 (N.D. Ill. Feb. 26, 2020) (Kennelly, J.) (denying plaintiffs' motion for reconsideration of the Court's grant of summary judgment because "the plaintiffs made no such request" that the additional discovery was material and important for the Court's consideration).

Second, the Order seems to take issue with the fact that "a search conducted today using search filters that were applied by a Seamless user in the past *may display information about Hoffower that was not displayed* when the Seamless user conducted the original search that was saved in the event log." Order at 14 (emphasis added). But it does not matter under IRPA what the substance of the information is, or that the email or mail address changed from one search to the next, so long as the person is identifiable from that search. Dkt. 149/150 at 13-14. The Order does

7

not say that *no information about Hoffower may have appeared in the past*. Instead, the Order takes issue with the accuracy or fluidity of people's personally identifying information. The Order's concerns here are misplaced. It is undisputed that the Seamless algorithm always finds responsive information, Dkt. 149/150 at 14; Dkt. 135-1 at 22:3-10, 139:2-8; 194:7-13, and that the algorithm mainly scrapes its information from LinkedIn. Dkt. 157/161 at ¶6; Dkt. 103 at 14; Dkt. 103-5/105-5 (Ex. 35); Dkt. 103-2/105-2 (Ex. 5, Floyd Tr.) at 24:6-18, 90-103. It is also undisputed that Plaintiff has had a LinkedIn profile for a long time. Dkt. 157/161 at ¶6; Dkt. 120-5 at Interrogatory Nos. 6, 11; Dkt. 120-4 at Request Nos. 4; Dkt. 120-2 at 124:24-125:10. These are all facts which a jury could reasonably rely on to find in Plaintiff's favor that her information was returned in a search result, such as for a search for "mental health care" professionals located in Illinois. *Cf.* Order on 14. Instead, the Order has effectively insulated a company that keeps bad records or no records at all[3] from IRPA liability, when the undisputed facts (as well as some missing and disputed facts) could reasonably lead a jury to find a person's identity was held out.

---

[3] There is a well-recognized principle that bad, cumbersome, or non-existent record-keeping does not allow a defendant to refuse to produce responsive and relevant information. *See, e.g., Starbucks Corp. v. ADT Security Services, Inc.*, 2009 WL 4730798, at *6 (W.D. Wash. Apr. 30, 2009) ( "[T]he Court cannot relieve Defendant of its duty to produce those documents merely because Defendant has chosen a means to preserve the evidence which makes ultimate production of relevant documents expensive."); *Lou v. Ma Labs., Inc.*, No. 12-CV-05409 WHA (NC), 2013 WL 12328278, at *2 (N.D. Cal. Mar. 28, 2013) ("'The fact that a corporation has an unwieldy record keeping system which requires it to incur heavy expenditures of time and effort to produce requested documents is an insufficient reason to prevent disclosure of otherwise discoverable information.'"); *Wesley v. Muhammad*, 05 Civ. 5833 (GEL) (MHP), 2008 U.S. Dist. LEXIS 74342, at *14-*15 (S.D.N.Y. Sept. 17, 2008) (rejecting the premise that "an institution may shield itself from discovery 'by utilizing a system of record-keeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of documents an excessively burdensome and costly expenditure'"); *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976) ("To allow a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of the discovery rules.")).

8

Third, the Order stated that no disclosure or viewing was required for standing, Order at 10-11, but yet the Order also seems to suggest that the only way Plaintiff can show commercial purpose is to have her information used or held out *by having it viewed after having been specifically searched for*. That is not how Seamless's platform works, Dkt. 142-7 (Ex. G, Demming Tr.) at 193:15-18 ("Q: ███████████████████████. A: ███████████████████████████████████████████████████████████."), and is inconsistent with IRPA. People who have had their information returned in a contact profile and/or in a search result equally have standing to sue for an IRPA violation because their likeness has been misappropriated for a commercial purpose. Order at 9 ("an IRPA violation inflicts a concrete injury-in-fact under Article III"); Dkt. 168/170 ¶11 (Seamless admits "Running a search requires one credit," "A search returns a search result list," and "A search result list shows the name, time, company, any geography (assuming state was a filter used) of individuals returned in the search."). Because of Seamless's bad record keeping, the Order has effectively given Defendant, and all other "real-time search engines" like the many generative artificial intelligence services popping up, a get out of jail free card. After all, Seamless knew, on October 27, 2022, that 2,337,895 people were returned in a query run on the Seamless platform by Seamless's Chief Architect Officer Austin Floyd for search results with "Illinois" as the state for the contact address with unique first and last names, Dkt. 103-4 at Ex. 27 (First Supp. Resp. to Interrogatory No. 11), ███████████████ ██████████████████, Dkt. 142-8 (Ex. H, Floyd Tr.) at 123-126. *See also* Dkt. 103/104 at 9.

**C. In the alternative, Plaintiff requests 45 days to find and substitute a new named plaintiff and leave to amend the complaint**

Although the Order held Plaintiff Kate Hoffower did not have her information held out based on the evidence presented, many other people undisputedly did based on the query discovery that was produced by Seamless. *See* Dkt. 103/104 at n.5; Dkt. 168/170 at ¶¶3-9. Plaintiff requests 45 days to find a substitute named plaintiff for whom a Seamless free customer clicked "Find," and thus was held out for a commercial purpose under the Order's interpretation of IRPA based on the facts in this case, and file an amended complaint. Federal Rule of Civil Procedure 15(a) provides that, other than when a party amends its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also MSP Recovery Claims, Series LLC v. Mallinckrodt ARD, Inc.*, 2022 U.S. Dist. LEXIS 146211, *7 (N.D. Ill. Aug. 16, 2022). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Ultimately, "[i]t is within the sound discretion of the district court whether to grant or deny a motion to amend." *Perrian v. OGrady*, 958 F.2d 192, 194 (7th Cir. 1992).

Where, however, the deadline to amend the pleadings in the scheduling order has expired, Rule 16(b)(4) governs and requires a showing of good cause to justify modifying the scheduling order. *See Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). The primary consideration when determining whether good cause exists is the diligence of the party seeking amendment. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

10

The Order found Plaintiff had standing and has not dismissed her claims nor entered judgment. Though discovery is closed, Dkt. 94, this case is very much still alive; justice requires leave to amend and to substitute a new named plaintiff. *Mullen v. GLV, Inc.*, 488 F. Supp. 3d 695, 713 (N.D. Ill. 2020) (Kennelly, J.) ("The plaintiff class is given until April 17, 2020 to substitute a new class representative who can maintain viable claims"). Plaintiff could not have known until last week when she received the Order that it would disagree with Plaintiff's interpretation of IRPA with respect to viewership or commercial purpose. Plaintiff has been diligent in prosecuting this case, and proposed class counsel believe they can expeditiously find a new plaintiff with standing and a viable IRPA claim. This suffices as good cause to modify the scheduling order to allow for plaintiff to substitute a named plaintiff and amend her complaint. *See Lavender v. Driveline Retail Merch., Inc.*, 2019 U.S. Dist. LEXIS 151703, *11 (C.D. Ill. Sept. 5, 2019) (granting motion for leave to substitute class representative and to file an amended complaint and denying the pending motion for class certification as moot with leave to refile).

### III. CONCLUSION

Plaintiff respectfully requests this Court (1) reconsider its grant of Defendant's motion for summary judgment and (2) compel Defendant to produce the missing query discovery, or, in the alternative, (1) grant Plaintiff an additional 45 days to substitute a plaintiff and (2) allow her leave to amend her complaint accordingly.

Dated: June 3, 2024　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　By: */s/ Brittany Resch*
　　　　　　　　　　　　　　　　　　　Brittany Resch
　　　　　　　　　　　　　　　　　　　Raina C. Borrelli
　　　　　　　　　　　　　　　　　　　Samuel J. Strauss
　　　　　　　　　　　　　　　　　　　STRAUSS BORRELLI PLLC
　　　　　　　　　　　　　　　　　　　One Magnificent Mile
　　　　　　　　　　　　　　　　　　　980 N Michigan Avenue, Suite 1610
　　　　　　　　　　　　　　　　　　　Chicago IL, 60611

Telephone: (872) 263-1100
Facsimile: (872) 263-1109
bresch@straussborrelli.com
raina@straussborrelli.com
sam@straussborrelli.com

Michael F. Ram (*pro hac vice*)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923
mram@forthepeople.com

Shelby Serig (*pro hac vice*)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
501 Riverside Ave., Suite 1200
Jacksonville, FL 32002
Telephone: (904) 330-3819
sserig@forthepeople.com

*Attorneys for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Brittany Resch, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 3rd day of June, 2024.

                STRAUSS BORRELLI PLLC

                By: */s/ Brittany Resch*
                     Brittany Resch
                     bresch@straussborrelli.com
                     STRAUSS BORRELLI PLLC
                     One Magnificent Mile
                     980 N Michigan Avenue, Suite 1610
                     Chicago IL, 60611
                     Telephone: (872) 263-1100
                     Facsimile: (872) 263-1109