**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KATE HOFFOWER, individually and on
behalf of similarly situated individuals,

                    Plaintiff,

        v.

SEAMLESS CONTACTS, INC., a Delaware
corporation,

                  Defendant.

Case No. 1:22-cv-02079

Hon. Matthew F. Kennelly

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO RECONSIDER**

Melissa A. Siebert
Corey T. Hickman
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois  60606
(312) 474-7900
msiebert@cozen.com
chickman@cozen.com

Aneca E. Lasley (*pro hac vice*)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215
(614) 462-1085
aneca.lasley@icemiller.com

*Attorneys for Defendant,*
*Seamless Contacts, Inc.*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

APPLICABLE STANDARD................................................................................................. 3

ARGUMENT ........................................................................................................................ 4

I.    Plaintiff's Motion to Reconsider Should Be Denied ............................................... 4

   A.   It is Undisputed That Seamless Does Not Have Access to Information Showing Individuals Who Have Appeared in Search Results..................................................... 4

   B.   Plaintiff's Rule 56(d) Request Was Untimely and Inappropriate...................................... 6

   C.   The Court Correctly Found that a Commercial Use Under IRPA Requires Plaintiff's Information to Have Been Viewed on the Seamless Platform ................................... 7

II.   Counsel's Request to Find and Substitute a New Plaintiff Should Be Denied....................... 8

   A.   Rule 15(a) Does Not Apply ................................................................... 9

   B.   Counsel's Request to Substitute a New Plaintiff After a Decision on the Merits Granting Summary Judgment is Unsupported, Improper, and Untimely ............................................... 10

   C.   Counsel's Request to Substitute a New Plaintiff Would Constitute an Improper Use of Discovery and Would Violate the Agreed Protective Order .................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abbott v. Lockheed Martin Corp.*,
  06-CV-0701-MJR, 2011 WL 13127639 (S.D. Ill. Sept. 21, 2011) .........................................11

*In re Allstate Corp. Sec. Litig.*,
  966 F.3d 595 (7th Cir. 2020) ....................................................................................................9

*Bonilla v. Ancestry.com Operations Inc.*,
  628 F. Supp. 3d 812 (N.D. Ill. 2022) .....................................................................................14

*Caine v. Burge*,
  897 F. Supp. 2d 714 (N.D. Ill. 2012) ........................................................................................3

*China Agritech, Inc. v. Resh*,
  584 U.S. 732 (2018) ...................................................................................................................9

*Duffy v. Illinois Tool Works Inc.*,
  15-CV-7407(JFB)(SIL), 2018 WL 1335357 (E.D.N.Y. Mar. 15, 2018) ................................14

*Hudgins v. Bd. of Educ. of City of Chicago*,
  23 C 218, 2023 WL 4303004 (N.D. Ill. June 30, 2023) ...........................................................11

*JTH Tax LLC v. Rocci*,
  19 C 8123, 2021 WL 4844099 (N.D. Ill. Oct. 17, 2021) ...........................................................6

*Lewis v. BNSF Ry. Co.*,
  14-CV-07171, 2019 WL 95153 (N.D. Ill. Jan. 3, 2019) .............................................................6

*S.E.C. v. Lipson*,
  46 F. Supp. 2d 758 (N.D. Ill. 1998) ..........................................................................................3

*Mullen v. GLV, Inc.*,
  488 F. Supp. 3d 695 (N.D. Ill. 2020) ..........................................................................10, 12, 13

*NewSpin Sports, LLC v. Arrow Elecs., Inc.*,
  910 F.3d 293 (7th Cir. 2018) ................................................................................................9, 10

*O'Brien v. Vill. of Lincolnshire*,
  955 F.3d 616 (7th Cir. 2020) .....................................................................................................9

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978)..................................................................................................................14

*Parham v. Wexford Health Sources, Inc.*,
    18 C 5316, 2022 WL 204357 (N.D. Ill. Jan. 24, 2022) ..........................................................9

*Randall v. Rolls-Royce Corp.*,
    637 F.3d 818 (7th Cir. 2011) ........................................................................10, 11, 12

*Saccameno v. Ocwen Loan Servicing, LLC*,
    15 C 1164, 2018 WL 1240347 (N.D. Ill. Mar. 9, 2018) ............................................3

*Sanchez v. Wal Mart Stores, Inc.*,
    CIV206CV02573JAMKJM, 2009 WL 2971553 (E.D. Cal. Sept. 11, 2009) ........................11

*Smith v. OSF HealthCare Sys.*,
    933 F.3d 859 (7th Cir. 2019) ........................................................................................6

*Sterk v. Redbox Automated Retail, LLC*,
    770 F.3d 618 (7th Cir. 2014) ........................................................................................7

*Tapia-Rendon v. United Tape & Finishing Co. Inc.*,
    21 C 3400, 2024 WL 406513 (N.D. Ill. Feb. 2, 2024) ............................................7

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 ........................................................................................................8

*Vanzant v. Hill's Pet Nutrition, Inc.*,
    934 F.3d 730 (7th Cir. 2019) ........................................................................................10

*Velazquez v. GMAC Mortg. Corp.*,
    CV 08-05444DDPPLAX, 2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) ............................11

*Williams v. Bd. of Educ. of City of Chicago*,
    20 C 4540, 2022 WL 17082571 (N.D. Ill. Nov. 18, 2022) ........................................6

*In re Williams-Sonoma, Inc.*,
    947 F.3d 535 (9th Cir. 2020) ........................................................................13, 14

**Other Authorities**

Fed. R. Civ. P. 26(b)(1)........................................................................................2, 13, 14

Fed. R. Civ. P. 56(d) ............................................................................................6, 7

Fed. R. Civ. P. 56.1(b)(2)..........................................................................................1, 4

Fed. R. Civ. P. 59(e) ........................................................................................................9

Fed. R. Civ. P. 60(b) ........................................................................................................9

Ill. S. Ct. R. 15(a)........................................................................................................9, 10

**INTRODUCTION**

Plaintiff, Kate Hoffower's ("Hoffower") Motion to Reconsider is just the next step in her meritless quest to maintain a class action lawsuit based on an Illinois Right of Publicity Act ("IRPA") claim that was entirely manufactured from the outset by her counsel. On May 20, 2024, the Court entered its Order granting summary judgment to Defendant, Seamless Contacts, Inc. ("Seamless"), ruling that Hoffower could not establish a "commercial use" under IRPA because she presented no evidence that any person, other than her counsel, ever viewed her information on Seamless' platform. (Order, Dkt. 187, pp. 14-17). As the Court reasoned, there is no legal authority to support the proposition that "the mere *possibility* that a plaintiff's information could be held out on the defendant's platform is sufficient to establish IRPA liability," and the Court "cannot endorse a reading of IRPA that permits a plaintiff to obtain relief based on her own attorney making a direct request for, and then obtaining, the plaintiff's identifying information." (*Id.*). The Court also denied as moot Hoffower's motion for class certification. (*Id.*).

Hoffower's Motion to Reconsider merely rehashes the same arguments made in her summary judgment response, and is primarily based on the fallacious contention that Seamless somehow deprived Hoffower of discovery that could have shown that her name appeared in a filtered search results list. That is not so. Hoffower's argument is all the more puzzling given that it contradicts her own express admission that such information does not exist.

Seamless presented uncontroverted testimony that, although it keeps event logs that show the search filters used by a customer (such as name, location, title, etc.), it does not possess information on the individuals returned in search results, regardless of the search filter used. In her Rule 56.1(b)(2) statement, Hoffower responded by admitting that "Seamless saves the search parameters in the search filter event log" but "***does not keep a log of whose name and personal***

***information appeared in the search results list.***" (Dkt. 157, ¶ 26) (emphasis added). The Court's Order recognized and relied on this fact, stating that Seamless' "Contacts Search event log displays the search parameters that the customer used for their search, but not the results that appeared in the search results list," and therefore "it is impossible to determine that Hoffower's identifying information ever appeared in a prior search result." (Order, pp. 4, 14). Hoffower has now filed a Motion to Reconsider based on the false notion that Seamless failed to produce a list of search results, when Hoffower herself has acknowledged and admitted that no such information exists.

Hoffower's counsel makes one last-ditch attempt to resuscitate their class claims by requesting that the Court allow them leave to "find" and substitute in a new class representative. Such a request is patently inappropriate because it is purely in counsel's own interests, not their client's. Counsel seeks to kick Hoffower to the curb and substitute in a new plaintiff, despite no class having ever been certified. Counsel cannot claim to act on behalf of any purported class when no certified class exists. Moreover, counsel cites no authority where a Court permitted a yet-to-be-identified individual to substitute in as class representative *after* summary judgment was granted on the merits and without a class having been certified. Nor could Seamless even find any case where such an overreaching request for relief was made. Counsel has been well aware of Hoffower's deficiencies as a class representative since the outset of this case, yet they willingly chose this Plaintiff, whose information had not been viewed by any legitimate Seamless customer, and instead attempted to manufacture a claim themselves. Counsel's self-serving request to now push their own client aside and seek a do-over should be denied.

Hoffower's counsel has also made clear that, if granted leave to amend, they intend to use confidential documents produced by Seamless to contact and recruit potential new plaintiffs. The law is clear, however, that discovery to obtain the identities of class members before a class is

certified is beyond the scope of Rule 26(b)(1). Counsel only has access to this information because Hoffower moved to compel it to support her motion for class certification – not for her counsel to recruit new plaintiffs – and Seamless was ordered to produce it for this limited purpose. Counsel's request to now use this confidential information for their own interests to seek a second bite at the apple should not be condoned. Such tactics would also be violative of the parties' agreed protective order, as counsel would be using confidential information to start an entirely new action with a new plaintiff under the guise of an "amended complaint."

Summary judgment was granted. Hoffower's case is over. Counsel's unsupported and unprecedented request to use Seamless' confidential information to support a new action against a new plaintiff, all within the same case, must be rejected, and reconsideration denied.

## APPLICABLE STANDARD

"[M]otions for reconsideration are 'viewed with disfavor,' and they are granted 'only in the rarest of circumstances and where there is a compelling reason.'" *Saccameno v. Ocwen Loan Servicing, LLC*, 15 C 1164, 2018 WL 1240347, at *2 (N.D. Ill. Mar. 9, 2018) (citations omitted). "Courts have repeatedly admonished litigants that a 'motion to reconsider is not at the disposal of parties who want to 'rehash' old arguments that previously were made and rejected, or to raise new arguments or evidence that could have been previously offered.'" *Id.* (citations omitted). A motion to reconsider should be presented only where the Court has "patently misunderstood a party" or the Court has "made an error not of reasoning but of apprehension." *S.E.C. v. Lipson*, 46 F. Supp. 2d 758, 766 (N.D. Ill. 1998) (citations omitted). A party moving for reconsideration "bears a heavy burden." *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012) (citations omitted).

Hoffower has not come close to establishing that the Court "patently misunderstood" her arguments or made any error of apprehension. Her Motion should be denied in its entirety.

## ARGUMENT

I. **Plaintiff's Motion to Reconsider Should Be Denied**

A. **It is Undisputed That Seamless Does Not Have Access to Information Showing Individuals Who Have Appeared in Search Results**

Plaintiff's Motion contends that she was somehow denied discovery that could have established that her name had appeared in filtered search results on Seamless' platform. Plaintiff's argument misrepresents the undisputed facts and contradicts her own admissions. Plaintiff admits that her attorney, Ben Osborn, is the only person to have searched for Hoffower on the Seamless platform or to have clicked "find" to view her information. (Order, p. 5). But she now argues that she can succeed on her claim because her name *could have* appeared in a search results list, and that Seamless has not produced the identities of every single individual that has ever appeared in search results on the platform.

The problem for Plaintiff is that *it is undisputed that Seamless does not have access to the information that Plaintiff claims she was deprived of.* Plaintiff admitted this very fact in her Rule 56.1(b)(2) statement. Seamless presented the material fact that the Seamless platform creates an event log that shows the search filters used by a customer, but not the results of that search. (Dkt. 157, ¶ 26). In response, Plaintiff *admitted* that Seamless "saves the search parameters" but "***does not keep a log of whose name and personal information appeared in the search results list***." (*Id.*, ¶ 26) (emphasis added). The Court's Order accurately described the platform's functionality, stating: "The Contacts Search event log displays the search parameters that the customer used for their search, but not the results that appeared in the search results list." (Order, p. 4). The Court then correctly concluded that, based on the information available to Seamless, "it is impossible to determine that Hoffower's identifying information ever appeared in a prior search result." (Order,

p. 14). Plaintiff's Motion is therefore based on the fallacy that Seamless somehow deprived Plaintiff of nonexistent evidence that could have shown that she appeared in a search results list.

Specifically, Plaintiff claims she should have been entitled to a list of search results of a query using Illinois as the location field, which she contends would show that her name appears in the results of a search not by name, but by location. But again, no such list exists, regardless of the search parameters chosen. Seamless' event logs capture only "the search parameters that the customer used for their search, but not the results that appeared in the search results list." (Order, p. 4; Dkt. 157, ¶ 26). Plaintiff's counsel has been advised multiple times, including in writing, that there is no way to obtain a list of search results, regardless of the search parameter used.[1]

Undeterred, Plaintiff next argues that because the Seamless platform uses Internet data points to populate its search results, and Plaintiff "has had a LinkedIn profile for a long time," "a jury could reasonably rely" on these facts and find that Plaintiff's name likely appeared in a search for "'mental health care' professionals located in Illinois." In so arguing, Plaintiff asks the Court to allow her case to go to the jury without any evidence and based only on rank speculation that her name *might have* at some point appeared in search results. Such speculation, however, cannot satisfy Plaintiff's burden. As this Court correctly held, Hoffower cannot withstand summary judgment based "entirely on speculation and not on any admissible evidence in the record." (Order, p. 15). Merely "identifying a 'metaphysical doubt as to the material facts'" by arguing that *Seamless* "cannot confirm with any certainty that [Hoffower's] information was never searched for or viewed," as she again argues here, is wholly insufficient. (*Id.*). Plaintiff has failed to proffer

---

[1] Plaintiff further complains that her attorneys were "barred from accessing" Seamless' website and that somehow prevented her from proving her claims. As the Court will recall, Plaintiff's counsel was precluded from further accessing the Seamless platform following the conduct of their now-withdrawn co-counsel, Ben Osborn, and Seamless was ordered to provide screen shots and videos of the platform requested by Plaintiff's counsel, in lieu of such access. (Dkt. 97, pp. 6-9).

any reason, and certainly not the required compelling reason, why the Court should reconsider its ruling. *See, e.g.*, *Williams v. Bd. of Educ. of City of Chicago*, 20 C 4540, 2022 WL 17082571, at *2 (N.D. Ill. Nov. 18, 2022) (denying motion to reconsider that "rehashe[d] previously rejected arguments."); *JTH Tax LLC v. Rocci*, 19 C 8123, 2021 WL 4844099, at *2 (N.D. Ill. Oct. 17, 2021) (denying motion to reconsider where the Court was "unpersuaded that it overlooked anything or that its ruling was wrong," and the motion merely "rehash[ed] previously rejected arguments.").

### B. Plaintiff's Rule 56(d) Request Was Untimely and Inappropriate

Plaintiff's primary argument that she was somehow deprived of necessary discovery is also a misapplication of Rule 56(d). Rule 56(d) generally allows for discovery into factual issues raised by an early-filed motion for summary judgment while discovery remains open, not a motion for summary judgment filed after a year of discovery and months after discovery had closed.

Plaintiff cites *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 865 (7th Cir. 2019), but the Court's decision in *Smith* does not support her position. In *Smith*, the Seventh Circuit stated that Rule 56(d) is often invoked when a "motion for summary judgment is filed before the close of discovery, especially if there are pending discovery disputes." *Id.* at 865. The Court cites to cases holding that Rule 56(d) requests are appropriate where "plaintiff was denied any opportunity for discovery on material issues" or "when a summary judgment motion is filed so early in the litigation, before a party had any realistic opportunity to pursue discovery." *Id.* (citations omitted); *see also Lewis v. BNSF Ry. Co.*, 14-CV-07171, 2019 WL 95153, at *3 (N.D. Ill. Jan. 3, 2019) ("This is not a case, as Amen Ra characterizes it, in which he has been 'railroaded' into summary judgment by a premature motion. This Court provided Amen Ra ample time to develop his case.").

Here, Seamless filed its motion for summary judgment months after the October 27, 2023 discovery cutoff date. (Dkt. 93). Plaintiff had a full and fair opportunity to conduct all necessary

discovery before opposing summary judgment, including filing and having her motion to compel granted. In no way was Plaintiff "railroaded" or denied a "realistic opportunity to pursue discovery." Moreover, the sole discovery that Plaintiff now claims was necessary consists of information that Seamless unequivocally testified it does not have and Plaintiff admits Seamless does not possess. *See Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014) (denying Rule 56(d) request where there was no showing made that additional discovery would result in information needed to oppose summary judgment); (*see* Dkt. 157, ¶ 10) ("Seamless does not keep a log of whose name and personal information appeared in the search results list."). Plaintiff had no basis to seek additional discovery under Rule 56(d).

### C. The Court Correctly Found that a Commercial Use Under IRPA Requires Plaintiff's Information to Have Been Viewed on the Seamless Platform

As the Court correctly ruled, Hoffower adduced no evidence that any person other than her attorney ever viewed her information on the Seamless platform, and allowing her to sustain an IRPA claim under such circumstances would "negate the statute's requirement that a violation consists of the defendant's *handling* of that information, specifically the 'use' or 'holding out' of it." (Order, pp. 17-18). Plaintiff's Motion to Reconsider simply disagrees with the Court and improperly attempts to relitigate the same argument this Court already rejected. *See Tapia-Rendon v. United Tape & Finishing Co. Inc.*, 21 C 3400, 2024 WL 406513, at *5 (N.D. Ill. Feb. 2, 2024) ("The Court considered and rejected these arguments in its class certification order, and EWF has provided no appropriate basis for the Court to reconsider its decision.").

Plaintiff argues – once again – that because the Court found that no third-party viewership was required to establish standing, the Court must therefore find that any person whose name *could have been* searched on the Seamless platform can automatically satisfy the commercial use element of IRPA. The Court should again reject Plaintiff's improper attempt to conflate Article III standing

with the ability to establish liability under IRPA. Having standing does not equate to establishing liability – one can have standing and still not satisfy the elements of a statutory claim. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 ("[A]n important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law."). Thus, merely because the Court found that Hoffower had Article III standing does not mean that she and every other professional in Illinois can automatically establish a claim under IRPA because they *could have* appeared in search results.

Plaintiff doubles down and argues that, requiring her to put forth evidence that her information had actually been viewed on the Seamless platform gives Seamless a "get out of jail free card" for "bad record keeping." Plaintiff's argument makes no sense. There is neither a legal requirement nor any business reason that Seamless would keep a list of every single individual name returned in every search run by every Seamless customer. Nor is there any testimony or evidence that Seamless, a real-time search engine spanning billions of Internet data points, could possibly even maintain that volume of data or would want to do so for any business purpose, since the entire goal of the platform is a real-time search. (Dkt. 142, ¶¶ 8, 11). That is simply not how the Seamless platform works, as this Court has acknowledged. (Order, pp. 2, 14). Plaintiff's mischaracterization of Seamless' recordkeeping is a red-herring that should be disregarded.

Plaintiff cannot credibly maintain that the Court "patently misunderstood" any of her arguments. Her Motion to Reconsider should be denied.

## II. Counsel's Request to Find and Substitute a New Plaintiff Should Be Denied

Despite there being no certified class to represent, counsel now wishes to push their own client aside, seeking leave to replace Hoffower with a yet-to-be-identified new plaintiff. Counsel's

request for an eleventh hour do-over would set an untenable precedent that anytime a defendant in a putative class action prevails on the merits, a new plaintiff can simply be substituted to try again. Plaintiff's counsel's motives are obvious – they understand that if they find a new plaintiff to file a new, separate action against Seamless, it cannot be maintained as a class action under *China Agritech, Inc. v. Resh*, 584 U.S. 732, 748 (2018); *see In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 615 (7th Cir. 2020) ("The Supreme Court held in *China Agritech* that when class certification is denied, a member of the putative class may join the existing suit or promptly file an individual action, but she may not start a new class action beyond the time allowed by the statute of limitations."). Counsel therefore now desperately attempts to save their own interest in this matter by, instead of filing a new single-plaintiff case, making an unprecedented request to find and substitute a new plaintiff into a class action after a grant of summary judgment. Counsel's self-serving request is unsupported, inappropriate, and legally meritless.

## A. Rule 15(a) Does Not Apply

In seeking leave to amend to find a new class representative, counsel cites to the liberal standard for amending a pleading under Rule 15(a). However, Rule 15(a) does not apply. Rule 15(a) allows a "party" to amend a pleading – counsel is not a "party" to this case, and what they seek is not an amendment, but the wholesale replacement of a party. *See* Fed. R. Civ. P. 15(a).

Rule 15(a) also does not apply because the Court's Order was a final order disposing of all of Plaintiff's claims. "Once a district court enters final judgment dismissing a case, 'the plaintiff cannot amend under Rule 15(a) unless the judgment is modified, either by the district court under Rule 59(e) or 60(b), or on appeal.'" *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 310 (7th Cir. 2018); *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 629 (7th Cir. 2020). An order granting summary judgment as to all claims of all parties is a final order. *See, e.g., Parham v.*

*Wexford Health Sources, Inc.*, 18 C 5316, 2022 WL 204357, at *4 (N.D. Ill. Jan. 24, 2022) ("[T]he Court grants defendants' motion for summary judgment . . . This is a final judgment because it disposes of all remaining claims against all of the defendants who remain in the case.").

Here, the Court's Order granted summary judgment as to all of Plaintiff's claims,[2] and only did not enter a final judgment so that the Court could determine which portions of the opinion to redact. (Order, p. 17).[3] Because the Court's Order granting summary judgment disposed of all claims on the merits, it should be treated as a final order for purposes of the request for leave to amend. Once a final order is entered, a plaintiff "cannot amend under Rule 15(a)" and instead may only amend if "the judgment is modified" through reconsideration or on appeal. *See NewSpin Sports, LLC*, 910 F.3d at 310. Accordingly, the request for leave to amend fails as a matter of law.

**B.     Counsel's Request to Substitute a New Plaintiff After a Decision on the Merits Granting Summary Judgment is Unsupported, Improper, and Untimely**

Even if counsel's request for leave to amend is analyzed under Rule 15(a), it still fails. Notably, counsel fails to cite a *single case* in which a Court has granted leave to substitute a new plaintiff before a class is certified and *after* the entry of summary judgment on the merits.

Seamless has been unable to locate a case where a party has sought the extraordinary relief requested by counsel here. However, the Seventh Circuit addressed a similar issue in *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 826 (7th Cir. 2011). There, the plaintiff moved for leave to substitute new class representatives after the district court had already denied class certification. *Id.* The Court affirmed the denial of the plaintiff's request on the grounds that the request came far

---

[2]     Counsel will likely argue that the Court did not grant summary judgment as to Plaintiff's unjust enrichment claim because it did not separately analyze that claim. Counsel is wrong, as the fate of Plaintiff's unjust enrichment claim hinges on her IRPA claim. *Mullen v. GLV, Inc.*, 488 F. Supp. 3d 695, 713 (N.D. Ill. 2020) ("Unjust enrichment is not a separate cause of action," and is "tied to the fate" of the other claims asserted); *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 739–40 (7th Cir. 2019) (same).

[3]     The Court has since finalized the redactions and filed its redacted Order. (Dkt. 187).

too late in the proceeding. As the Court reasoned, the motion to substitute was not filed "until after the judge had denied class certification – and that was almost four years after the suit had begun and long after it was plain that there were substantial doubts about the typicality of the named plaintiffs' claims and the adequacy of their representation of the class." *Id.* at 826-27. The Court found that counsel should not be given "multiple bites at the certification apple, when they have chosen, as should have been obvious from the start, patently inappropriate candidates to be the class representatives." *Id.*; *see also Hudgins v. Bd. of Educ. of City of Chicago*, 23 C 218, 2023 WL 4303004, at *5 (N.D. Ill. June 30, 2023) (denying a request to join additional named plaintiffs after the Court dismissed certain claims "based on issues that had been known to the plaintiffs since the inception" of the suit, holding that counsel should not get "multiple bites at certification apple."); *Abbott v. Lockheed Martin Corp.*, 06-CV-0701-MJR, 2011 WL 13127639, at *5 (S.D. Ill. Sept. 21, 2011) (permitting addition of a new plaintiff where, unlike this case, there was "no attempted end run around the undersigned Judge's ruling on summary judgment or on class certification since Plaintiffs' claims . . . survived both of these rulings.").

Federal courts in other jurisdictions have also consistently held that a plaintiff cannot substitute unnamed, yet-to-be-identified new plaintiffs before a class has been certified. *See, e.g.*, *Velazquez v. GMAC Mortg. Corp.*, CV 08-05444DDPPLAX, 2009 WL 2959838, at *3 (C.D. Cal. Sept. 10, 2009) ("It is true that Courts regularly allow replacement of the named plaintiff after class certification . . . This line of reasoning is inapposite here, where no class has yet been certified."); *Sanchez v. Wal Mart Stores, Inc.*, CIV206CV02573JAMKJM, 2009 WL 2971553, at *3 (E.D. Cal. Sept. 11, 2009) ("[B]oth of these cases demonstrate that leave to substitute a different class representative may be granted when there is a certified class already in place.").

-11-

This case is even more compelling than the above precedent. All of the above cases found that a plaintiff cannot substitute a new class representative unless class certification has been granted. This case involves not only the denial of class certification, but the grant of *summary judgment*, ending Hoffower's case on the merits. Counsel for Seamless is unable to locate any case where leave to substitute a new plaintiff was sought before a class was certified and *after* summary judgment was granted, likely because such a request is so clearly improper and inequitable. However, even applying the reasoning used in analogous contexts, the request still fails. Similar to *Randall*, counsel is now moving to substitute only after summary judgment has been granted against Hoffower and class certification denied, and after this case had been pending for more than two years. *See* 637 F.3d at 826. Further, like counsel in *Randall*, counsel here has been aware since the beginning of this case that Hoffower was an inadequate class representative given Mr. Osborn's well-documented efforts to manufacture this lawsuit himself. (Order, p. 5). Seamless disclosed to Plaintiff months before filing its motion for summary judgment that Plaintiff's attorney, Mr. Osborn, is the only person that had searched for and viewed Hoffower's information. Counsel either chose not to or were unable to remedy this defect, and instead fully briefed summary judgment, lost, and now seek a second bite at the apple via a new plaintiff.

Finally, the single case cited by counsel does not support their position. *See Mullen v. GLV, Inc.*, 488 F. Supp. 3d 695, 703 (N.D. Ill. 2020), aff'd, 37 F.4th 1326 (7th Cir. 2022). In *Mullen*, the Court permitted substitution of a new plaintiff after the Court found a lack of standing as to the named plaintiff. However, in *Mullen*, **the Court had already certified the class almost two years earlier**. *Id.* at 703. Thus, the Court gave "**the class** an opportunity to substitute a new class representative who has standing." *Id.* at 705 (emphasis added). This is consistent with the above cases that recognized that substitution *after* certification may be appropriate because once certified,

a class takes on a legal status of its own. Here, there is no class, and summary judgment was granted against Hoffower, ending her case. *Mullen* does not support counsel's request.

Despite being well aware of the shortcomings of their wholly-manufactured plaintiff, counsel now requests leave – after more than a year of discovery relating to Hoffower and after summary judgment was granted against Hoffower – to find a new class representative and force Seamless to incur more fees, time, and expense in reopening discovery as to any new plaintiffs. Counsel has not cited any law to support such a prejudicial and inequitable request.

### C. Counsel's Request to Substitute a New Plaintiff Would Constitute an Improper Use of Discovery and Would Violate the Agreed Protective Order

Counsel has made no bones about their intention to use a confidential document that Seamless produced in discovery to "find" a new class representative. At Plaintiff's insistence after filing a motion to compel, Seamless was ordered to produce a confidential document showing the Illinois-based individuals that free customers had saved to their "My Contacts" list. Plaintiff's motion to compel requested that information on the grounds that it was relevant to class certification – *not* to allow counsel to recruit another plaintiff in the event that summary judgment was granted against Hoffower. The law is clear that such a use of discovery is not appropriate, and in this case would also constitute a blatant violation of the parties' agreed protective order.

Federal courts have consistently held that using discovery to recruit potential plaintiffs before a class has been certified is an abuse of discovery and not within the scope of Rule 26(b)(1). For example, in *In re Williams-Sonoma, Inc*., 947 F.3d 535, 537 (9th Cir. 2020), the Ninth Circuit reversed an order compelling the defendant to produce a list of customers who had purchased bedding products for the purpose of "enabl[ing] opposing counsel to find a lead plaintiff to pursue a class action." The Court held that Rule 26(b)(1) limits the scope of discovery to information "relevant to the subject matter involved in the pending action," and that "using discovery to find a

client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)." *Id.* at 539-40. The Court reasoned that until a class is certified, information regarding the *identities* of potential class members is wholly irrelevant. *Id.* at 540.

This Court adopted the Ninth Circuit's reasoning in *Bonilla v. Ancestry.com Operations Inc.*, 628 F. Supp. 3d 812, 820 (N.D. Ill. 2022). In *Bonilla*, while a summary judgment motion was pending, the plaintiff requested discovery of "every Illinois yearbook on Ancestry's database" and all "yearbook photographs from Illinois schools" to "identify other plaintiffs with possible claims against Ancestry." *Id.* at 820. The Court granted the defendant's motion for summary judgment and simultaneously denied the motion to compel, holding that "it is not the defendant's job to help a plaintiff or his attorneys recruit new clients." *Id.* at 820 (citing *Williams-Sonoma*, 947 F.3d at 540); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978) (holding that pre-class certification discovery of class member identities is not "within the scope of legitimate discovery."); *Duffy v. Illinois Tool Works Inc.*, 15-CV-7407(JFB)(SIL), 2018 WL 1335357, at *6 (E.D.N.Y. Mar. 15, 2018) ("[C]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification . . . Plaintiff effectively seeks access to prospective putative class members, which necessarily implicate concerns regarding potential client recruitment.").

Here, Seamless was ordered to produce a list of individuals that had been saved to a free customer's My Contacts pursuant to a motion to compel in which Plaintiff stated only that she needed the information "to prepare her Motion for Class Certification." (Dkt. 66). Plaintiff did not request this information for the purpose of her counsel recruiting new plaintiffs, as such a request would have been patently improper under the law. Counsel now pivots and attempts to use this

confidential document that it sought solely to support a class certification motion to begin contacting potential new plaintiffs to "substitute" in for Hoffower *after* summary judgment has been granted. The law does not permit such a use, and merely because Seamless was ordered for a different purpose to provide Plaintiff with the identities of potential class members does not give counsel the right to use that information *carte blanche* for an improper purpose.

Once again, counsel's motives in attempting to use this information are crystal clear. The agreed protective order provides, in relevant part, that a party "may use Protected Material that is disclosed or produced by another Party . . . only for prosecuting, defending, or attempting to settle **this litigation**." (Dkt. 29, § 7.1) (emphasis added). Plaintiff's counsel understands that it would be a blatant violation of this order to use the identities produced by Seamless to recruit a plaintiff to prosecute a new, separate lawsuit, and so counsel now concocts an argument that they should be permitted to utilize this confidential information produced by Seamless to substitute a new plaintiff in *this* case. Counsel's attempted end-around the protective order is, once again, meritless.

Hoffower's case ended when the Court granted summary judgment on the merits. Her counsel – who are treating this case as counsel's own lawsuit, not Hoffower's – now attempt to push Hoffower aside and start an entirely new action, with a new plaintiff, within the same case. Not only has counsel failed to cite a single case allowing such a maneuver, but such conduct would be inappropriate, prejudicial, and a violation of the agreed protective order's restriction on using confidential information outside of *Hoffower's* lawsuit against Seamless.

For these reasons, the Court should deny Plaintiff's Motion to Reconsider in its entirety.

Dated:  June 28, 2024

Respectfully Submitted,

**SEAMLESS CONTACTS, INC**

*/s/ Melissa A. Siebert*

Melissa A. Siebert (msiebert@cozen.com)
Corey T. Hickman (chickman@cozen.com)
COZEN O'CONNOR
123 N. Wacker Dr., 18th Floor
Chicago, IL 60606
(312)-382-8910

Aneca E. Lasley (*pro hac vice*)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215
(614) 462-1085
aneca.lasley@icemiller.com

*Attorneys for Defendant Seamless Contacts Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2024, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk via the Court's CM/ECF system, which will notify all counsel of record.

*/s/ Melissa A. Siebert*